## (June 8, 1965)

■ In the Matter of AARON E. KOOTA, as District Attorney of Kings County, Petitioner, v. VINCENT D. DAMIANI, as Justice of the Supreme Court of the State of New York, County of Kings, Respondent.— This is an application under article 78 of the CPLR to prohibit respondent, a Justice of the Supreme Court, presiding in Part I of the Criminal Term, Supreme Court, Kings County, from making an order which would effectuate his decision, rendered May 26, 1965, directing that the pending criminal action of *People* v. *Whitmore*, based upon an indictment (No. 1176/1964) charging the defendant Whitmore with first degree rape, be struck from the Ready Trial Calendar of Part IV of the said Criminal Term; and further directing, in effect, that such action shall remain off the calendar and untried until another pending criminal action against the same defendant Whitmore upon an indictment (No. 1116/1964) charging him with first degree murder, shall have been first tried — the latter action having been assigned to Part III of the said Criminal Term, where it is awaiting trial. The Attorney-General, on behalf of the respondent Justice, has made a cross motion to dismiss the petition on the ground that it is insufficient in law. There is no dispute as to any of the material facts; only a question of law is presented. The application of the District Attorney is granted; and the cross motion of the Attorney-General is denied, without costs. Pursuant to rule 5 of the rules promulgated by this court for the Criminal Term of the Supreme Court, Kings County, these two pending actions, as the result of a drawing by lot from a revolving "Indictment Drum", had been previously assigned for trial to designated parts of the Criminal Term; the action upon the rape indictment having been assigned to Part IV and the action upon the murder indictment having been assigned to Part III. The intent of the said rule is that once an action, after a drawing, has been duly

assigned to a specific part for trial (as was done here), the Justice presiding in Part I of the Criminal Term becomes *functus officio* as to that action (with certain exceptions not applicable here); he has no authority to control the calendar in the part where the action has been assigned for trial or to direct the sequence in which the action shall be tried in such part. We pass on no other question. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.