*418
 
 Gibson, J.
 

 In this proceeding under CPLR article 78, the Appellate Division'properly prohibited the respondent Judges. and' District Attorney from proceeding with the retrial of petitioner under an indictment, holding that • otherwise he would twice be placed in jeopardy, in violation of his rights under the Federal and State Constitutions (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6). We are in complete accord with the well-considered opinion at the Appellate Division and write only to emphasize the important rule concerned;
 

 The first trial was commenced before, the court without a jury and was terminated by mistrial. On the second day .of the trial, the Judge announced that overnight he had recalled that his cousin was an acquaintance of defendant’s father, who had mentioned to the cousin the defendant’s complaint of harassment by the police — entirely unrelated to the case at bar, so. far a;s appears — and had subsequently — about a year before the trial — telephoned the Judge’s chambers and attempted to discuss the subject with the Judge’s law clerk. The clerk told him that his complaint should be made to thq appropriate authority
 
 *419
 
 through the attorney said by the father
 
 do
 
 be then .representing him. The Judge did not know the defendant or his father and had never talked with either of them. Stating that his recollection of the telephone call might “ in some conceivable way ” affect his judgment and that “ perhaps it would be improper ” for him to sit, the Judge “ disqualified] ” himself, “ in the interests of justice ”.
 

 Prior to this, a police witness had testified and thus, of course, jeopardy had attached
 
 (Matter of Bland
 
 v.
 
 Supreme Ct.,
 
 20 N Y 2d 552).
 

 The mistrial was granted over the strenuous objection of defense counsel who, after expressing his confidence in the Judge’s ability to try and decide the case fairly and his opinion that no cause for a mistrial existed, remarked upon the tactical advantage that he had obtained — and which the prosecution could obviate in case of a new trial — by reason of the police officer’s testimony at variance with the charges; and counsel made clear his contention that a retrial would subject defendant to double jeopardy and entitle him to be discharged on that ground.
 

 The Judge’s subjective appraisal, of some remote possibility of bias was completely without the ambit of the well-established rule that “ manifest necessity ” must be shown in justification of a mistrial in circumstances such as these
 
 (United States
 
 v.
 
 Perez,
 
 9 Wheat. [22 U. S.] 579, 580;
 
 Matter of Nolan
 
 v.
 
 Court of Gen. Sessions,
 
 11 N Y 2d 114, 118). So radical an action requires a “ scrupulous exercise of judicial discretion ”, after consideration of the “ vital competing interests ” of the prosecution and the accused
 
 (United States
 
 v.
 
 Jorn,
 
 400 U. S. 470, 485, 486). “Yet, in the final analysis, the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate ”
 
 (id.,
 
 p. 486).
 

 In the appraisal of judicial conduct it is recognized, of course, that the appearance of impropriety may sometimes be as devastating as the reality; but the mistrial procedure is not designed to afford an escape hatch from the performance of an unpleasant duty. A mistrial such as this, declared us in the public inter
 
 *420
 
 est, and against the defendant’s will, must have some basis of demonstrable substance — for, as the rule has it, the necessity must be “manifest”. Here, the remote possibility of unfair treatment and the clear showing of prejudice to the defendant conjoined to interdict the mistrial which the court proposed and, 9ver objection, granted.
 

 The order appealed from should be affirmed.
 

 Chief Judge Fuld and Judges Bergan and Breítel concur with Judge Gibson ; Judges Burke, Scileppi and Jasen dissent and vote to reverse on the dissenting opinion at the Appellate Division.
 

 Order affirmed, without costs.