Gabrielli, J.
Petitioner, a witness before the Grand Jury, successfully appealed to the Appellate Division from an order of the Extraordinary Special and Trial Term of the Supreme Court denying his application, which was based on and made pursuant to the procedures outlined in People v Einhorn (35 NY2d 948), to compel the Special State Prosecutor to inquire of Federal authorities as to whether they had conducted electronic surveillance of him; and, of course, he also sought an order directing the prosecutor to state whether the questions asked him before the Grand Jury were the product of any such surveillance. The Appellate Division, two Justices dissenting, reversed and directed that the inquiry be made.
The threshold and critical issue posed is whether a right of review lies from an order relating to such an inquiry. The right to appeal in criminal cases is determined exclusively by statute, the underlying policy being to limit appellate proliferation (Matter of State of New York v King, 36 NY2d 59, 63; People v Zerillo, 200 NY 443, 446). Petitioner can point to no statute, for indeed there is none, authorizing his appeal to the Appellate Division and, hence, that court was wholly without authority to pass upon the merits of his application; and it follows, perforce, that this court is likewise proscribed.
In answer to his argument that this proceeding is not governed by the Criminal Procedure Law, reference need only be made to two provisions thereof. CPL 1.10 provides that "All criminal * * * proceedings * * * and all appeals” are exclusively governed by the Criminal Procedure Law; and CPL 1.20 (subd 18) defines a "Criminal proceeding” as "any proceeding which * * * (b) occurs in a criminal court and is related to a * * * criminal action * * * or * * * involves a criminal investigation”. Certainly, it cannot be seriously contended that the Extraordinary Special and Trial Term of the Supreme Court is not a criminal court (see CPL 1.20, subd 19; CPL 10.10, subds 1, 2)[1] nor that the instant proceedings before the Grand Jury do not involve a criminal investigation (People v Doe, 247 App Div 324, 326, affd 272 NY 473; cf. Blair v *539 United States, 250 US 273, 282). Hence, in the absence of any such authority (see CPL art 450), the order of the Extraordinary Term is unappealable and the appeal taken therefrom should have been dismissed.
Cases holding the denial of an application to quash a subpoena to be a final and appealable order (Matter of Boikess v Aspland, 24 NY2d 136, 138-139; Matter of Inter-City Assoc. [People], 308 NY 1044; cf. Matter of Ryan [Hogan], 306 NY 11; People v Doe, 247 App Div 324, affd 272 NY 473, supra) are distinguishable. A motion to quash is limited in scope, challenging only the validity of the subpoena or the jurisdiction of the issuing authority (Matter of Herlands v Surpless, 282 NY 647; see, e.g., Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y., 10 NY2d 192-196; see Siegel, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR 2304:1, p 219); and should be made prior to the return date,[2] thereby requiring such timeliness that substantial delay in the proceedings is unlikely (Siegel, op. cit, CPLR 2304:3, p 219; cf. Fed Rules Civ Pro, rule 45, subd [b]; 7 Carmody-Wait 2d, NY Practice, § 54:40, p 764). Moreover, where granted, it results in completely voiding the process (cf. Matter of Her-lands v Surpless, 282 NY 647, supra; see, also, Matter of Sun-Ray Cloak Co, 256 App Div 620), thus saving the needless expenditure of litigation effort. By way of contrast, petitioner’s application raises neither jurisdiction nor process objections, possesses immense potential for delaying the Grand Jury investigation,[3] and cannot in any way finally dispose of any portion of the investigation.
That the Legislature has not authorized an appeal from an order in a criminal proceeding is conclusive; and "any arguments for a change in the practice, however persuasive, must be addressed to the legislature” (Cohen and Karger, Powers of *540 the New York Court of Appeals, § 188, p 707; see People v Gersewitz, 294 NY 163).
Finally, appealability as of right is not the desirable norm in cases such as this (see Matter of Nigrone v Murtagh, 36 NY2d 421, 426; Matter of State of New York v King, 36 NY2d 59, 63-64, supra) and, in any event, it appears that appellate review could be obtained of any contempt proceeding arising out of petitioner’s refusal to answer any questions improperly put to him (Cohen and Karger, op. cit., § 189, subd [b], p 709; see, e.g., Matter of Katz v Murtagh, 28 NY2d 234; People ex rel. Grillo v Warden, 11 NY2d 51).
Accordingly,'the appeal should be dismissed, and the matter remitted to the Appellate Division, First Department, with directions to dismiss the appeal taken to that court (Matter of State of Washington v Harvey, 8 NY2d 865; Matter of Ryan [Hogan] 306 NY 11, 18).
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Appeal dismissed, without costs, and matter remitted to the Appellate Division, First Department, with directions to dismiss the appeal taken to that court.

. But see CPL 10.10 (subd 7) which apparently was intended to permit appeal from habeas corpus determinations, governed by CPLR article 7, irrespective of obvious criminal qualities.

. CPLR 2304, dealing with applications to quash subpoenas, provides that "A motion to quash * * * a subpoena shall be made promptly in the court in which the subpoena is returnable.” (Emphasis added.)

. It is of some interest to note that the application for the requested relief was made over six months ago and, conceivably, if petitioner’s right of appealability were sanctioned by law, which it is not, investigations and Grand Jury proceedings might well be paralyzed by proliferated appeals. The magnitude of this problem would be dramatically escalated if, in any extended investigation, a series of several such applications were generated by various witnesses. On the other hand, compliance with the request by witness’ counsel, a request that it appeared on argument would have been easily accomplished, would have obviated in this case the delay, expense and needless confrontation.