OPINION OF THE COURT
Bernard J. Fried, J.
Defendant’s motion to dismiss the complaint is denied. I hold that a retrial, in the circumstances of this case, would not subject defendant to double jeopardy in violation of his rights under the Constitution of the United States — or the State of New York.
On November 4, 1980, having waived his right to a trial by jury, defendant’s first trial commenced before the court without a jury. At the conclusion of the first trial day, after two witnesses were called and testified on the People’s casein-chief, the lawyers and the Judge had an off-the-record conversation in the robing room. At that time, the Trial Judge opined that the People, at least to that point, had failed to make out a case beyond a reasonable doubt. Moreover, the court inquired of the Assistant District Attorney (ADA) whether the People had considered the possibility that the defendant, a licensed taxicab driver, would lose his hack license if convicted. The following morning the People moved for the declaration of a mistrial which was granted by the Trial Judge who agreed, on the record, that the conversation related above had indeed, taken place but stated that while “[T]his may appear to the District Attorney that this Court was prejudiced, * * * it is not.” The motion *1016 however was granted “to avoid any impropriety and questions by the Appellate Division.” Defense counsel, at the time of this motion, simply noted he did not “agree with the ADA’s conclusion as to what our conversation had been” and stated “we discussed the case very lightly and there were certain points that were brought up that I don’t think they would in any way influence your Honor insofar as the progress of this trial is concerned.” No objection was otherwise made; nor did counsel contend that a retrial would subject the defendant to double jeopardy. Moreover counsel did not disagree as to the nature of the Judge’s remarks.
In this nonjury trial, jeopardy had attached once the first witness was sworn (Serfass v United States, 420 US 377). Therefore, since the mistrial was declared without obtaining the consent of the defendant, the double jeopardy clauses of the Federal and State Constitutions prohibit a retrial for the same offense “unless there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated” (People v Michael, 48 NY2d 1,19, citing the classic formulation of United States v Perez, 22 US 579,580). Here there was such manifest necessity.
Certainly, if a juror or the entire jury had stated during the trial and before all the evidence had been received, that the People had not yet proven their case this would constitute grounds for excuse of the juror or jury which by such statement, regardless of subsequent protestation to the contrary, would have demonstrated that it appeared to have formed a premature opinion concerning guilt or innocence; a situation as in Wade v Hunter (336 US 684, 689), where the juror or jury “might be biased against the Government or the defendant” warranting the Judge “to discharge the jury and direct a retrial.” In addition, the remarks of the court concerning the possible collateral effects of a conviction to the defendant if uttered by the jury would also require the jury to be discharged, since such comment would indicate that the jury may have been speculating about matters not related to the sole issue of guilt or innocence.
The Trial Judge’s subjective appraisal was that it was not prejudiced and that he was declaring the mistrial to avoid “impropriety” does not preclude a concomitant de *1017 termination of manifest necessity. This is not a situation such as Matter of Ferlito v Judges of County Ct. (31 NY2d 416) where the Court of Appeals considered the declaration of a mistrial by a Judge, sitting as a trier of fact, who sua sponte declared a mistrial on the second day of trial after having recalled an earlier telephone call to his law clerk. The court held that (p 419) “[t]he Judge’s subjective appraisal of some remote possibility of bias” did not constitute manifest necessity. Here, to the contrary, the objective possibility of bias was not remote, although the Judge’s subjective appraisal was that it was not prejudiced.
Under such circumstances the People should not be required to proceed, in this particular case, to a verdict by such a tribunal. Certainly then, the mistrial was not based on the convenience of the court, People v Michael (supra), or the desire of the Trial Judge to avoid “the performance of an unpleasant duty”, Matter of Ferlito v Judges of County Ct. (supra, p 419), but wholly because of the inability of the Judge to continue as an objectively unbiased trier of fact. This reason being necessitous and actual (Matter of Nolan v Court of Gen. Sessions of County of N. Y., 11 NY2d 114), manifest necessity is apparent.
Accordingly, the declaration of the mistrial was not inappropriate.*
The motion to dismiss the complaint is, in all respects, denied.

 Buttressing this conclusion is the failure of defendant’s counsel to object beyond stating that he did not agree with the People that the conversation with the Trial Judge would have “influenced” the court. There was no claim that if the court declared a mistrial, jeopardy would bar a retrial. This failure can be almost construed as an acknowledgement by counsel that the court was not acting unreasonably; an implied recognition of manifest necessity. To the contrary is Matter of Ferlito v Judges of County. Ct. (supra, p 419), where the court noted that “[t]he mistrial was granted over the strenuous objection of defense counsel * * * [who] made clear his contention that a retrial would subject defendant to double jeopardy”.