■ In the Matter of MICHAEL KAVANAGH, Petitioner, v FRANCIS J. VOGT, as County Judge of the County of Ulster, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit implementation of an order of a Judge of the County Court of Ulster County. Although labeled an application in the nature of certiorari in the petition, this proceeding, in actuality, seeks a writ of prohibition restraining enforcement of an order of the Ulster County Judge which disqualified the Ulster County District Attorney's office from prosecuting the defendants in nine separate cases. The basis for the disqualification was that these nine defendants were assisted by an Assistant Public Defender of Ulster County who thereafter served for five days as an Assistant District Attorney until asked to resign because of a possible conflict of interest. The record demonstrates that at no time did any of the matters he handled as an Assistant District Attorney touch on or relate in any way to the cases he handled as an Assistant Public Defender, nor did he discuss any of these cases with any member of the staff or provide them with any information during this five-day period. Upon these facts, the County Court felt constrained to disqualify the District Attorney's office, apparently relying upon the decision of the Court of Appeals in *People v Shinkle* (51 NY2d 417). While we would not assign such a restrictive interpretation to the language contained in *Shinkle,* we are unable to say that respondent's action went beyond his authorized powers. Recognizing that there is no right of direct appeal from the order of disqualification (see CPL 450.20), relief by way of article 78 is, nevertheless, unavailable where, as here, respondent's actions were within his authorized powers (*Matter of Wilcox v Dwyer,* 73 AD2d 1016, 1017). The extraordinary remedy of prohibition does not lie except in narrowly defined situations when the court is clearly exceeding its authorized powers (see *Matter of Jaffe v Scheinman,* 47 NY2d 188; *La Rocca v Lane,* 37 NY2d 575). Petition dismissed, without costs. Mahoney, P. J., Kane, Main and Casey, JJ., concur.

Levine, J., dissents and votes to grant the petition in the following memorandum. Levine, J. (dissenting). Since I view this case as indistinguishable in principle from *Matter of Wilcox v Dwyer* (73 AD2d 1016) where prohibition via CPLR article 78 was held to lie, I would grant the petition. In the instant case, the disqualification is founded upon a possible conflict of interest arising out of the prior representation of defendants in nine criminal cases at preliminary stages by a lawyer who later was a member of the District Attorney's staff for a matter of days, a ruling the majority correctly concludes was based upon a misreading and erroneous extension of *People v Shinkle* (51 NY2d 417). In *Wilcox,* the County Court was held to have erroneously disqualified the District Attorney from examining a witness before a Grand Jury because of a possible conflict of interest based upon a then existing adversary relationship between the prosecutor and the witness, who had sued him civilly for his conduct in an earlier stage of the same criminal matter. The ostensible conflict of interest in *Wilcox,* i.e., a civil adversary relationship on the part of the prosecutor, even at the Grand Jury stage, is no less a possible ground for disqualification than prior representation (see *People v Zimmer,* 51 NY2d 390). Nor can *Wilcox* be distinguished because the County Judge in that case implemented his improper disqualification ruling by also appointing a special District Attorney under section 701 of the County Law, since undoubtedly once the instant petition is dismissed the County Court will take the necessary next step of making a section 701 appointment. Entertaining this petition should not have to await that action. Disqualification of a prosecutor based upon a

conflict of interest is a Judge-made doctrine, applied as often as not in contexts not involving section 701 (*People v Shinkle, supra; People v Zimmer, supra*); and it is the propriety of the disqualification ruling upon which the validity of the appointment depends, and not the reverse. Thus, in my view, if the action by the County Court in *Wilcox* was reviewable, so is the court's ruling in the instant case. Apart from *Wilcox,* prohibition should lie here. If, as both the majority and I agree, County Court improperly removed the prosecutor under the facts presented, disqualification was not merely an error of law in a pending criminal matter, but an abuse of the entire proceeding (*Matter of State of New York v King,* 36 NY2d 59, 64). It is not a mere error of law to involuntarily supplant a District Attorney from the performance of the duties of his constitutional office, with the concomitant heavy expense to the county of paying for a special prosecutor. Clearly this is of far more serious import than many judicial actions held to be subject to prohibition, such as erroneously ordering inspection of Grand Jury minutes (*Matter of Jaffe v Scheinman,* 47 NY2d 188; *Matter of Proskin v County Ct. of Albany County,* 37 AD2d 279, affd 30 NY2d 15), violating double jeopardy rights by retrial (*Matter of Ferlito v Judges of County Ct., Suffolk County,* 39 AD2d 17, affd 31 NY2d 416), or removing a criminal case from a Trial Calendar (*Matter of Koota v Damiani,* 24 AD2d 467, app dsmd 17 NY2d 612). I find it unacceptable that there is no recourse through appellate review for such a severe interference with the due administration of criminal justice and the accompanying adverse financial impact upon the county as is presented here. For all of the foregoing reasons, relief in the nature of the prohibition should be granted.