OPINION OF THE COURT ■

Per Curiam.

Judgment of conviction rendered June 11,1981 affirmed. The case is remitted to the Criminal Court, New York County, for proceedings to direct defendant to surrender himself to said court so that execution of the judgment may be commenced or resumed (CPL 460.50, subd 5).
The decision to grant or deny a motion for a mistrial is within a trial court’s discretion, and we may not interfere with that determination unless it amounts to a clear abuse of discretion (People v Ortiz, 54 NY2d. 288, 292). Midway through the first trial of this matter (tried to the court without a jury), before the People had rested, the court communicated to opposing counsel its view that the prosecution had not proven its case beyond a reasonable doubt, and also expressed concern that the defendant might lose his hack license if convicted. Upon application by the People for a mistrial, the Trial Judge acknowledged the *1069 impropriety of these remarks and felt constrained to excuse itself. In this posture, the declaration of a mistrial was necessary, appropriate and not an abuse of discretion. We therefore affirm, for the reasons stated in the opinion of Judge Fried (see People v Lopez, 106 Misc 2d 1015), the order denying defendant’s motion to dismiss on the ground that a retrial would subject him to double jeopardy.
We have examined defendant’s points as to the sufficiency of the evidence adduced at the second trial and as to claimed excessiveness of the sentence and find them lacking in merit.