Dudley, J.
(dissenting). I disagree with the majority and would reverse the judgment below and dismiss the information as there was no “manifest necessity” for the declaration of a mistrial. Consequently, defendant has twice been placed in jeopardy upon the same charge.
It is to be observed that the mistrial was declared based upon what the Trial Judge and counsel recalled having been said during an off-the-record conversation. The prosecuting attorney, defense counsel and the trial court all disagree upon what exactly transpired. However, it seems apparent from their conversations that the trial court did not espouse what may be termed a “ ‘theoretical danger of prejudice’ ” (Matter of Ferlito v Judges of County Ct., Suffolk County, 39 AD2d 17, 22, affd 31 NY2d 416). Therefore, upon application of the prosecuting attorney and over the objections of appellant, the trial court did grant a mistrial not because of any prejudice or bias, but, as it said, “to avoid impropriety”.
The Court of Appeals has recognized (supra, pp 419-420) “that the appearance of impropriety may sometimes be as devastating as the reality; but the mistrial procedure is not designed to afford an escape hatch from * * * an unpleasant duty. A mistrial * * * must have some basis of demonstrable substance”. I am not persuaded that the prosecution has established “manifest necessity” for termination of the first trial when the off-the-record conversations, as now reported on the record, reveal a conflict as to what factually was said. There remains a doubt on the facts of such conversations and where the appellant was then placed in *1070 jeopardy of conviction, he should be entitled to the benefit of that doubt and not be placed again in jeopardy in the absence of a demonstrable manifest necessity for the mistrial.
Hughes and Sullivan, JJ., concur; Dudley, P. J., dissents in a separate opinion.