Simons, J.
(dissenting). I dissent because the majority has, without justification, created an exception to the general rule which prohibits appeals in criminal matters unless authorized by statute. I would dismiss the appeal, therefore, and remit the matter to the Appellate Division with instructions to dismiss the appeal taken to that court.
The Attorney-General commenced this proceeding by motion dated November 17, 1981, returnable in Supreme Court, Criminal Term, November 20, 1981. He sought an order disqualifying counsel from representing certain witnesses because he believed respondents, the 14 witnesses involved and their attorney, were acting in concert to frustrate his criminal investigation into the unlawful sale of entertainment tickets pursuant to article 26-A of the General Business Law. Between November, 1980 and early October, 1981 the Attorney-General had issued subpoenas to all 14 witnesses. Seven appeared and invoked their Fifth Amendment privileges against testifying. Two of these subsequently testified under a grant of immunity but the Attorney-General believes their testimony was false. The seven remaining witnesses appeared to testify but before they did so the examination was adjourned and this proceeding initiated. Criminal Term granted the motion to disqualify and after an Appellate Division affir-mance the parties are before us by our leave.
It is established law that appellate review of orders issued in a criminal proceeding is not available absent statutory authority (see Matter of Kavanagh v Vogt, 58 NY2d 678, affg 88 AD2d 1049; Matter of Santangello v People, 38 NY2d 536, 538; Matter of Alphonso C. [Morgenthau], 38 NY2d 923, 924-925; see, also, CPL 450.20). A criminal proceeding is defined as “any proceeding which * * * (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action * * * or *202 involves a criminal investigation” (CPL 1.20, subd 18). This special proceeding brought by the Attorney-General related to a pending criminal investigation and a prospective criminal action in which respondent witnesses were questioned substantively about possible criminal violations of the General Business Law. The application was returnable in Supreme Court, Criminal Term, a “criminal court” (CPL 1.20, subd 19; 10.10, subds 1, 2). That Supreme Court also possesses civil jurisdiction under the Constitution is beside the point. As the majority notes, a motion may be civil because of its nature even though brought before an Extraordinary Term of Supreme Court assigned solely to criminal matters (see Matter of Cunningham v Nadjari, 39 NY2d 314). It does not follow, however, that a motion in a Criminal Term of Supreme Court, regardless of its nature, becomes a civil motion and appealable because Supreme Court has civil jurisdiction. If that were so, orders in all preliminary motions in criminal cases prosecuted in Supreme Court would be appealable to the same extent as orders in civil motions. The court in this proceeding was convened as a criminal court, its jurisdiction was first invoked by the Attorney-General concerning a criminal matter and it was exercising its criminal powers when it made the order appealed (see Matter of Alphonso C. [Morgenthau], supra). Thus the Attorney-General’s application came within the statutory definition of a criminal proceeding and the order which he obtained, insofar as it disqualified counsel, was not subject to appeal because no cited legal authority permits review of such preliminary orders (see Matter of Abe A., 56 NY2d 288, 293; Matter of Alphonso C. [Morgenthau], supra; Matter of Santangello v People, supra). Specifically there is no authority permitting review of orders disqualifying counsel before final judgment (see Matter of Kavanagh v Vogt, 58 NY2d 678, affg 88 AD2d 1049, supra; see, also, Flanagan v United States, 465 US_, 104 S Ct 1051; and cf. Matter of Schumer v Holtzman, 60 NY2d 46).
Nevertheless respondents contend, and the majority hold, that this is a civil proceeding. Respondents in their brief relied upon the reasoning underlying the Federal rule permitting the preliminary appeal of disqualification orders as a “final collateral order” (see Cohen v Beneficial *203 Loan Corp., 337 US 541). That contention is entitled to little credit, however, because the Supreme Court has refused to follow the Cohen case in criminal appeals (see Flanagan v United States, supra). The majority have decided to review this matter by analogizing it to cases involving motions to quash subpoenas, proceedings on the civil side of court in which the final order denying a motion to quash, even when issued in furtherance of a criminal investigation, is appealable (Matter of Cunningham v Nadjari, 39 NY2d 314, 317, supra; Matter of Boikess v Aspland, 24 NY2d 136, 138-139). They hold here, for the first time, that a preliminary motion to disqualify is also a civil proceeding which may be appealed. Orders granting or denying a motion to quash are appealable, however, only as an exception to the general rule prohibiting appeals in criminal matters, an exception we have described in the past as “asymmetrical” and which we have followed only in deference to principles of stare decisis (see Matter of Cunningham v Nadjari, supra, at p 317). Without citing any legal authority supporting this new exception and without any persuasive reason requiring it, the majority have extended the rule applied to quash motions to create a new exception and they have done so although we have recently expressed our disapproval of the delay occasioned by entertaining preliminary motions to disqualify counsel (Matter of Schumer v Holtzman, 60 NY2d 46, 55, supra) and we have refused to entertain collateral proceedings raising the issue (Matter of Kavanagh v Vogt, 58 NY2d 678, affg 88 AD2d 1049, supra).
Criminal appeals are limited by statute to avoid unnecessary delay and eliminate appellate proliferation (see Matter of Santangello v People, 38 NY2d 536, 538, supra; Matter of State of New York v King, 36 NY2d 59, 63; see, also, Matter of Schumer v Holtzman, supra, at p 55). The courts should not create new exceptions to this general rule without sound reasons for doing so. Rather they should insist on compliance with it to prevent frustration of the laws’ purposes by the skillful manipulation of appeals and collateral proceedings by those interested in delay. This appeal presents a classic example of why that is so. By pursuing appellate review of the preliminary order respon *204 dents have managed to delay this investigation over two years thus barring any future misdemeanor prosecutions.
Judges Jones, Wachtler, Meyer and Kaye concur with Judge Jasen; Judge Simons dissents and votes to dismiss the appeal in a separate opinion in which Chief Judge Cooke concurs.
Order modified, with costs to appellants, in accordance with the opinion herein and, as so modified, affirmed.