■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [776 NYS2d 282]—

Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about January 6, 2004, which denied defendant's motion to vacate an initial order staying the sealing of his criminal record pursuant to CPL 160.50, and granted the People's request to continue the stay of sealing the record until June 1, 2004, unanimously reversed, on the law and the facts, without costs, the orders staying the sealing of defendant's record

vacated and the record sealed nunc pro tunc as of the date of defendant's acquittal.

On November 21, 2003, immediately after a jury acquitted defendant, a licensed cardiologist, of one count of sexual abuse in the third degree (Penal Law § 130.55), the trial court, upon the oral application of the People, stayed the sealing of the record for 30 days, without explanation and over the objection of defense counsel. The matter was then referred to the Office of Professional Medical Conduct (OPMC) for possible disciplinary proceedings against defendant. By letter request dated December 9, 2003, the People sought to extend the initial stay until June 1, 2004 in light of the ongoing investigation by OPMC into defendant's conduct underlying the criminal charge of which he was acquitted. In opposition, defense counsel requested, inter alia, that the order staying the record be vacated inasmuch as it failed to comply with the requirements of CPL 160.50. The trial court granted the People's application to extend the stay and denied defendant's request to vacate the stay. We reverse.

As an initial matter, we find unavailing the People's contention that the subject order is nonappealable. It has been held that a court's ruling on a CPL 160.50 motion is a civil matter "for although it relates to a criminal matter, it does not affect the criminal judgment itself, but only a collateral aspect of it— namely, the sealing of the court record" (*Matter of Hynes v Karassik,* 47 NY2d 659, 661 n 1 [1979]). As such, defendant is an aggrieved party who may properly appeal from the subject order (CPLR 5511; *see People v Public Serv. Mut. Ins. Co.,* 37 NY2d 606, 610-611 [1975]; *People v Purley,* 297 AD2d 499, 501 [2002], *lv denied* 99 NY2d 503 [2002]).

We also find that the trial court improperly issued the initial order staying the sealing of defendant's record immediately after his acquittal. CPL 160.50 (1) provides that following the acquittal of a defendant, the record is to be immediately sealed unless the People demonstrate that the interests of justice require that the sealing be stayed "upon motion with not less than five days notice" to the defendant or defense counsel. Here, it is undisputed that neither defendant nor his attorney was ever provided with the requisite five days' notice. Furthermore, the People failed to demonstrate that the interests of justice warranted the issuance of the initial stay since OPMC's investigation was not even mentioned until the People's letter of December 9, 2003. Since the initial stay order was improperly issued, defendant's record should have been sealed on the day of his acquittal and the People's motion to extend the stay should have been deemed a motion to unseal a sealed record.

CPL 160.50 (1) (d) identifies several instances when sealed records may be released to specified categories of persons or agencies, including to a law enforcement agency, if such agency demonstrates that justice requires that the records be made available to it. Even if we were to assume that OPMC could be considered a law enforcement agency entitled to seek defendant's sealed records, there was an insufficient showing that these records should be unsealed. Here, OPMC did not bring the motion as required by statute, and thus failed to demonstrate that its investigation would be frustrated if defendant's records were to remain sealed. In any event, while the allegations of defendant's sexual misconduct against a patient are, as the trial court labeled them "unusual and disturbing," the OPMC has sufficient information to conduct a thorough investigation, including interviews with defendant and access to the person alleging the sexual misconduct.

We have considered the People's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.