[816 NE2d 561, 782 NYS2d 689]

In the Matter of NEWSDAY, INC., Appellant. ROBERT D. MORGENTHAU, as District Attorney of New York County, Intervenor-Respondent.

Decided July 1, 2004

### APPEARANCES OF COUNSEL

*Levine Sullivan Koch & Schulz LLP*, New York City (*David A. Schulz, Gayle C. Sproul* and *Alia L. Smith* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Michael Morgan* of counsel), for intervenor-respondent.

**OPINION OF THE COURT**

Memorandum.

The appeal should be dismissed, without costs, on the ground that no statutory authority exists for our review of Supreme Court's order in this criminal proceeding (*see Matter of Manners [Christopher L.]*, 74 NY2d 734 [1989]).

Newsday's application to intervene and obtain access to records supporting issuance of a search warrant was an application "involving a criminal investigation and the proceeding in which the order was issued was therefore a criminal proceeding" (*Matter of Alphonso C. [Morgenthau]*, 38 NY2d 923, 924-925 [1976], citing CPL 1.20 [18] [b]; *Matter of Santangello v People*, 38 NY2d 536 [1976]).* As it was issued in a criminal proceeding, Supreme Court's order was not appealable to the Appellate Division under CPL article 450, nor is the Appellate Division order appealable to this Court by permission pursuant to CPL 460.20 because it is not an appealable order as defined by CPL 450.90. Remedies available to Newsday could have been via a Freedom of Information Law request (Public Officers Law § 87) or a civil proceeding pursuant to CPLR article 78 at the trial court level (*see e.g. Matter of Gannett Co. v De Pasquale*, 43 NY2d 370 [1977]; *Matter of Associated Press v Bell*, 70 NY2d 32 [1987]), from which an appeal to this Court might ultimately have been taken.

Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.

Appeal dismissed, without costs, by the Court of Appeals sua sponte, in a memorandum.

---

* By contrast, we note that "the direct appealability of orders granting or denying motions to quash subpoenas in criminal investigations and actions has a peculiar analytical basis" (*Matter of Cunningham v Nadjari*, 39 NY2d 314, 317 [1976]). Indeed, since 1936, in a line of cases originating with *People v Doe* (272 NY 473 [1936]), this Court has permitted direct appeal of those orders on the ground that "they were final orders in special proceedings on the civil side of a court vested with civil jurisdiction" (*Cunningham*, 39 NY2d at 317, citing *Matter of Boikess v Aspland*, 24 NY2d 136, 138-139 [1969]). In *Cunningham*, however, we recognized that "on a basis of *stare decisis* these precedents represent a formidable line of authority, however asymmetrical may appear to be the support for the rule they express and apply" (39 NY2d at 317; *see also Matter of Abrams [John Anonymous]*, 62 NY2d 183, 192 [1984]).