# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**803**
**CA 14-00009**
PRESENT: SMITH, J.P., CENTRA, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              OPINION AND ORDER

M.E., DEFENDANT-APPELLANT.

---

HIGBEE & ASSOCIATES, SALT LAKE CITY, UTAH (RAYMINH L. NGO OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (LAURIE M. BECKERINK OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Chautauqua County Court (John T. Ward, J.), entered July 31, 2013. The order denied the motion of defendant for conditional sealing pursuant to CPL 160.58.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following Opinion by WHALEN, J.:

The issue before us in this case of first impression at the appellate level is whether criminal records are eligible for conditional sealing under CPL 160.58 even if they relate to convictions that predate the statute. We conclude that they are eligible for conditional sealing.

I

In 1996, defendant pleaded guilty in County Court to criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09), a class C felony. She was sentenced to a three-year conditional discharge, which she served without incident. Defendant also successfully completed an inpatient drug treatment program in Pennsylvania. By all accounts, defendant has turned her life around since becoming drug-free. She is now married, a homeowner, and licensed as a registered nurse in both New York and Pennsylvania.

In 2013, defendant moved to "conditionally seal" her criminal records pursuant to CPL 160.58, a provision enacted as part of the 2009 Drug Law Reform Act (L 2009, ch 56, part AAA, § 3). Under CPL 160.58 (1), the specific subdivision at issue on appeal,

> "[a] defendant convicted of any offense defined in
> [Penal Law] article [220] . . . who has successfully

completed a judicial diversion program under [CPL] article [216], or one of the programs heretofore known as drug treatment alternative to prison or another judicially sanctioned drug treatment program of similar duration, requirements and level of supervision, and has completed the sentence imposed for the offense . . . , is eligible to have such offense . . . sealed pursuant to this section."[1]

The People took no position on the motion, noting only that defendant "is eligible for a Conditional Seal Order and the granting of the seal order is within the discretion of the court." The court denied the motion, however, reasoning that CPL 160.58 could not be invoked to seal criminal records relating to convictions entered prior to the 2009 effective date of that statute. Defendant appeals, and we conclude that the order should be reversed.

II

"Initially, we note that the authority for a direct appeal of this order is not set forth in Article 450 of the Criminal Procedure Law" (*People v Purley*, 297 AD2d 499, 501, *lv denied* 99 NY2d 503). Nevertheless, "a court's ruling on a [record-sealing] motion is a civil matter[,] 'for although it relates to a criminal matter, it does not affect the criminal judgment itself, but only a collateral aspect of it—namely, the sealing of the court record'" (*People v Anonymous*, 7 AD3d 309, 310, quoting *Matter of Hynes v Karassik*, 47 NY2d 659, 661 n 1; *see Matter of Katherine B. v Cataldo*, 5 NY3d 196, 201 n 1). As such, "the order [on appeal] was an exercise of the [motion] court's civil jurisdiction" (*Purley*, 297 AD2d at 501; *see* CPL 10.10 [7]; *see generally* NY Const art VI, § 11 [a], [b]) and, because defendant is an "aggrieved party" under these circumstances (CPLR 5511), her appeal is properly before us pursuant to CPLR 5701 (a) (2) (v) (*see e.g. Anonymous*, 7 AD3d at 310).

III

In determining that criminal records may not be conditionally sealed under CPL 160.58 if they relate to a conviction that predates the statute, the court reasoned that the application of CPL 160.58 to such records would constitute an improper "retroactive" application of the statute. We conclude, however, that applying CPL 160.58 under these circumstances "does not render [the] statute 'retroactive' in any true sense of that term" (*Forti v New York State Ethics Commn.*, 75 NY2d 596, 609). CPL 160.58 simply creates a mechanism for restricting future access to existing records. It does not contemplate any alteration of the underlying criminal judgment reflected in those records, nor does it potentially invalidate or rescind any prior disclosures thereof (*cf. Matter of County of Herkimer v Daines*, 60 AD3d 1456, 1457, *lv denied* 13 NY3d 707).

---

[1]Conditional sealing is not automatic for any eligible criminal record, however. Rather, the ultimate decision is committed to the motion court's sound discretion (*see* CPL 160.58 [3] [listing several nonexclusive factors to consider in determining whether to grant conditional sealing]).

The fact that the records at issue here relate to events occurring prior to the statute's effective date is immaterial. As the Court of Appeals has repeatedly recognized, "[a] statute is not retroactive . . . when made to apply to future transactions merely because such transactions relate to and are founded upon antecedent events" (*Matter of Raynor v Landmark Chrysler*, 18 NY3d 48, 57 [internal quotation marks omitted]; *see Matter of St. Clair Nation v City of New York*, 14 NY3d 452, 456-458; *Matter of Miller v DeBuono*, 90 NY2d 783, 790-791). "Thus, contrary to [the People's] arguments [and County Court's conclusion], the principles of statutory construction [that] require clear expression of a legislative intention to make a new provision retroactive . . . are inapplicable here" (*Forti*, 75 NY2d at 610).

Our conclusion is bolstered by the legislative history of CPL 160.58, which reveals that the legislature explicitly limited the operation of 12 other sections within the same part of the relevant enacting chapter "to offenses committed on or after the [effective] date . . . and . . . to offenses committed before such date provided that sentence upon conviction for such offense has not been imposed on or before such date" (L 2009, ch 56, part AAA, § 33 [f]). Section (3) of part AAA—the section that created CPL 160.58—is not among the 12 sections whose retroactive effect was specifically restricted in the legislation. Indeed, the legislation does not prescribe any particular retroactivity rule for section (3) nor would it; because section (3) regulates only future (i.e., post-effective date) access to existing criminal records, there was no potential retroactivity for the legislature to address.

Finally, nothing in the text of CPL 160.58 itself suggests that it does not apply to criminal records relating to antecedent convictions (*see generally Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583). Defendant *was* "convicted of an[] offense defined in [Penal Law] article [220]," she "has completed the sentence imposed for the offense," and there is no dispute that she "has successfully completed" a qualifying drug treatment program (CPL 160.58 [1]). Thus, under the plain text of the statute, defendant "is eligible to have such offense . . . sealed pursuant to this section" (*id.*; *see e.g. Matter of K.*, 35 Misc 3d 742).

IV

Accordingly, inasmuch as the records relating to defendant's 1996 drug conviction are facially eligible for conditional sealing under CPL 160.58 (1), we conclude that the order should be reversed and the matter should be remitted to County Court for its consideration of the

discretionary factors enumerated in CPL 160.58 (3).

Entered:  August 8, 2014                          Frances E. Cafarell
                                                 Clerk of the Court