THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J.G., Appellant. [24 NYS3d 289]—

Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered July 3, 2014, which, to the extent appealed from, denied defendant's motion for an order conditionally sealing the record of a judgment of conviction of the same court (Joseph A. Mazur, J.), rendered April 22, 1991, unanimously affirmed, without costs.

Because defendant's 1991 felony drug conviction was not a conviction that "resulted in the defendant's participation in [a] judicially sanctioned drug treatment program," (CPL 160.58 [2]), he was not entitled to conditional sealing of the records of that conviction, notwithstanding that he successfully completed drug treatment on a later conviction and the court sealed the records of that conviction. The quoted language specifically limits sealing to the particular case in which a defendant completes drug treatment. "Moreover, as a matter of statutory construction, the Legislature's creation of [a provision for sealing prior misdemeanors] implies that [prior felonies] are not [in]cluded" (*Matter of Jonathan V.*, 55 AD3d 273, 277 [1st Dept 2008], *lv denied* 11 NY3d 713 [2008]). Since the 1991 conviction was for a felony, the court correctly determined that it had

no discretion to seal the records of that conviction, and it properly limited its sealing order to the records of the 2000 conviction upon which defendant did complete drug treatment. We have considered and rejected defendant's remaining arguments.

We note that the People do not raise any issue of appealability, and we assume, without deciding, that the order is appealable as a civil order relating to a criminal matter (*see People v M.E.*, 121 AD3d 157, 159 [4th Dept 2014]). Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.