People v Delano F. (2019 NY Slip Op 07089)





People v Delano F.


2019 NY Slip Op 07089


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-11118
 (Ind. No. 66/15)

[*1]The People of the State of New York, respondent,
v Delano F. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Laura Rothschild, and Dennis B. Feld of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Guy Arcidiacono of counsel; Philip J. Branigan on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Fernando M. Camacho, J.), dated August 30, 2017. The order denied the defendant's motion pursuant to CPL 220.60(3) to withdraw his plea of not responsible by reason of mental disease or defect.
ORDERED that the appeal is dismissed.
In March 2016, the defendant entered a plea of not responsible by reason of mental disease or defect (see CPL 220.15) to two counts of arson in the third degree in the Supreme Court. The court thereafter found that the defendant suffered from a dangerous mental disorder (see CPL 330.20[1][c]), and committed him to the custody of the Commissioner of Mental Health for confinement in a secure facility. In May 2017, the defendant moved pursuant to CPL 220.60(3) to withdraw his plea, and that motion was denied. The defendant purports to appeal from the Supreme Court's denial of his motion.
No appeal lies from an order arising out of a criminal proceeding unless one is provided for by the Criminal Procedure Law (see Matter of People v Juarez, 31 NY3d 1186, 1187; People v Stevens, 91 NY2d 270, 277; see also CPL 1.10[1][a]). A "[c]riminal proceeding" is defined, in relevant part, as "any proceeding which (a) constitutes a part of a criminal action or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action" (CPL 1.20[18]).
CPL 220.15, enacted as part of the Insanity Defense Reform Act of 1980, permits a defendant, with the permission of the court and the consent of the People, to enter a plea to an indictment of not responsible by reason of mental disease or defect (see L 1980, ch 548, as amended). Also as part of that Act, CPL 220.60 was amended to permit individuals who had entered pleas of not responsible by reason of mental disease or defect to move to withdraw their pleas (see L 1980, ch 548, as amended; CPL 220.60). Specifically, CPL 220.60(3) provides: "At any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment, or a plea of not responsible by reason [*2]of mental disease or defect, to withdraw such plea."
Defendants who, after entering a plea of guilty, unsuccessfully move pursuant to CPL 220.60 to withdraw their plea, proceed to sentencing and may thereafter obtain appellate review of the denial of their motion to withdraw the plea upon an appeal from the judgment (see CPL 450.10[1]; see e.g. People v Snype, 171 AD3d 1220). However, no conviction (see CPL 1.20[13] [" Conviction' means the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument"]), and no sentence (see CPL 1.20[14] [" Sentence' means the imposition and entry of sentence upon a conviction"]), and thus no judgment (see CPL 1.20[15] ["A judgment is comprised of a conviction and the sentence imposed thereon"]), is entered with respect to a defendant who pleads not responsible by reason of mental disease or defect (see People v Herndon, 191 AD2d 248, 249). Rather, when such a plea is accepted by the court, commitment proceedings pursuant to CPL 330.20 are commenced (see CPL 220.15[6]; Matter of Lockett v Juviler, 65 NY2d 182, 184). Such proceedings result in either a commitment order, an order on conditions, or the defendant's discharge (see CPL 330.20[6], [7]).
While the Court of Appeals has indicated that a plea of not responsible by reason of mental disease or defect "effectively terminates the criminal proceeding and initiates commitment proceedings of a civil nature" (Matter of Lockett v Juviler, 65 NY2d at 184), a motion pursuant to CPL 220.60 seeking to withdraw a plea to an indictment is part of a criminal action or, at the least, "related to a . . . completed criminal action," so as to come within the statutory definition of a "[c]riminal proceeding" (CPL 1.20[18]; cf. Matter of People v Juarez, 31 NY3d at 1189; Matter of Santangello v People, 38 NY2d 536, 538-539). Moreover, in light of the nature of the relief sought in the motion, the motion is, by its nature, criminal, rather than civil (see generally Matter of Abrams [John Anonymous], 62 NY2d 183, 193-194; cf. Matter of Hynes v Karassik, 47 NY2d 659, 661 n 1). Accordingly, proper statutory authority under the Criminal Procedure Law must exist in order for the defendant to appeal from the denial of the motion (see Matter of People v Juarez, 31 NY3d at 1191; People v Stevens, 91 NY2d at 277; Matter of Santangello v People, 38 NY2d at 538-539).
Such statutory authority does not exist. CPL 450.10 only provides that a defendant may appeal as of right from a judgment, sentence, or order made pursuant to specified provisions of CPL article 440, and thus, does not provide for appellate review, as of right, from an order denying a motion pursuant to CPL 220.60, to withdraw a plea of not responsible by reason of mental disease or defect. Nor does CPL 450.15 allow for such an appeal by permission, as that statute only permits an appeal from orders made pursuant to specified provisions of CPL article 440, and "[a] sentence . . . not otherwise appealable as of right" (CPL 450.15[3]). Finally, there is no avenue for appeal through CPL 330.20, which permits a party "to proceedings conducted in accordance with the provisions of this section" to appeal, by permission, from certain orders rendered under CPL 330.20 (CPL 330.20[21]). The orders specified do not include an order denying a motion pursuant to CPL 220.60 to withdraw the plea (see id.).
In sum, although the Legislature amended CPL 220.60 to permit motions to withdraw a plea of not responsible by reason of mental disease or defect, no avenue for appeal of the denial of such motions existed, and none was created, at the time the statute was amended. While it may persuasively be argued that since the Legislature saw fit to grant defendants the right to move to withdraw pleas of not responsible by reason of mental disease or defect, such defendants should concomitantly possess the right to appellate review of the denial of those motions, there "is no substitute in these circumstances for a legislative authorization by enactment" of an appropriate statute (People v Stevens, 91 NY2d at 278; see Matter of People v Juarez, 31 NY3d at 1191; People v Laing, 79 NY2d 166, 172).
Accordingly, we must dismiss the appeal (see People v Jackson, 159 AD3d 921).
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court