People v Coulibaly (2021 NY Slip Op 04616)





People v Coulibaly


2021 NY Slip Op 04616


Decided on August 4, 2021


Appellate Division, Second Department


Brathwaite Nelson, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-09943
 (Ind. No. 63/05)

[*1]The People of the State of New York, respondent,
v
Siendou Coulibaly, appellant.



APPEAL by the defendant from an order of the County Court (Stephen Braslow, J.), dated May 16, 2019, and entered in Suffolk County. The order denied the defendant's motion pursuant to CPL 160.59 to seal his conviction of criminal possession of a controlled substance in the third degree.



Labe M. Richman, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



BRATHWAITE NELSON, J.


OPINION & ORDER
On this appeal, we consider whether the appellate courts have jurisdiction to consider an appeal from an order denying a motion pursuant to CPL 160.59 to seal a conviction. We find that the determination of such a motion is properly characterized as civil, rather than criminal, in nature, and that, therefore, the defendant may appeal from such an order. Upon considering the merits of the defendant's appeal, we find that the motion was properly denied.
I. Factual and Procedural Background
On January 9, 2006, the defendant was convicted of criminal sale of a controlled substance in the third degree and sentenced to two years imprisonment followed by two years of postrelease supervision. On April 10, 2015, the conviction was vacated, and the defendant pleaded guilty to criminal possession of a controlled substance in the third degree, in satisfaction of the same indictment, and was sentenced to time served, which the County Court specified to be nunc pro tunc to January 9, 2006.
In March 2019, the defendant moved pursuant to CPL 160.59 to seal his conviction. By order dated May 16, 2019, the County Court summarily denied his motion on the ground that the required 10-year period following imposition of sentence on the conviction had not yet passed. The defendant appeals.
II. Appealability
The People contend that the defendant's appeal should be dismissed because there is no mechanism in the Criminal Procedure Law to appeal from the denial of a motion made pursuant to CPL 160.59. Although this Court previously has considered the merits of such a motion, implying that such an order is appealable as of right (see People v Shrayef, 181 AD3d 935), no published opinion has previously addressed the question of appealability. We take the opportunity to do so now, and reject the People's contention.
It is a fundamental rule of the jurisdiction of New York's appellate courts that no [*2]appeal lies from an order in a criminal proceeding in the absence of specific statutory authority for the appeal (see Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d 231, 242; People v Stevens, 91 NY2d 270, 278; People v Zerillo, 200 NY 443, 445). The underlying policy of this rule is "is to limit appellate proliferation in criminal matters, sometimes to the seeming detriment of the defendant and sometimes to the detriment of the People. Litigation may be compounded unduly by protracted and multifarious appeals and collateral proceedings frustrating the speedy determination of disputes" (Matter of State of New York v King, 36 NY2d 59, 63; see Matter of People v Juarez, 31 NY3d 1186, 1187; Matter of Santangello v People, 38 NY2d 536, 538). It is not disputed that the Criminal Procedure Law does not expressly provide for an appeal from an order deciding a motion to seal a conviction pursuant to CPL 160.59, and, therefore, if such a motion is considered to be part of the criminal proceeding, there can be no appeal from an order deciding such a motion.
Where, as here, the court issuing the order being appealed from possesses both civil and criminal jurisdiction, appellate courts look to "the true nature of the proceeding and to the relief sought in order to determine whether the proceeding was criminal or civil" (Matter of Abrams [John Anonymous], 62 NY2d 183, 191). Where the relief sought is "quintessentially, of a criminal nature" (Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d at 246-247), or an integral part of an ongoing criminal investigation, the proceeding falls within the court's criminal jurisdiction and an appeal may not be taken from an order issued therein in the absence of express statutory authority (see Matter of Alphonso C., 38 NY2d 923; Matter of Santangello v People, 38 NY2d 536). Thus, courts have found that no appeal lies from orders denying a motion to quash a warrant (see Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d 231), compelling disclosure of an affidavit supporting a warrant application (id.), directing a person to appear in a lineup or to provide a handwriting exemplar (see Matter of Alphonso C., 38 NY2d 923), denying a motion to unseal records submitted in support of a search warrant (see Matter of Newsday, Inc., 3 NY3d 651), denying a motion to quash a subpoena issued in the course of a criminal prosecution (see Matter of People v Juarez, 31 NY3d 1186), or denying an application to compel a special state prosecutor to inquire of federal authorities as to whether they had conducted electronic surveillance of the applicant and to direct the prosecutor to state whether any of the questions asked of the applicant before the grand jury were the product of such surveillance (see Matter of Santangello v People, 38 NY2d 536).
By contrast, even when an order is issued pursuant to a criminal investigation or relates to a collateral aspect of a criminal proceeding, if the nature of the relief sought is civil in nature and the order can be said to be final and does not affect the criminal judgment itself, courts have found the matter to be civil and appeals from such orders are not constrained by the rule controlling appeals from orders in criminal proceedings (see Matter of Abrams [John Anonymous], 62 NY2d 183; Matter of Hynes v Karassik, 47 NY2d 659, 661 n 1). Thus, appeals may be taken as of right from orders denying a motion to quash a subpoena issued prior to the commencement of any criminal action (see Matter of Abrams [John Anonymous], 62 NY2d 183), granting a motion to unseal criminal records that were sealed pursuant to CPL 160.50 upon an acquittal (see Matter of Hynes v Karassik, 47 NY2d at 661 n 1), denying a motion to vacate a stay of the sealing of criminal records pursuant to CPL 160.50 and granting a request to continue the stay (see People v Anonymous, 7 AD3d 309), or denying a motion for a conditional order pursuant to CPL 160.58 to seal a criminal record (see People v Jihan QQ., 151 AD3d 1245, 1246 n; People v M.E., 121 AD3d 157).
The People's reliance on People v Stevens (91 NY2d 270) is misplaced. There, the Court of Appeals held that an appeal did not lie pursuant to CPL 460.20, or any other part of the Criminal Procedure Law, from an order designating a defendant a sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), because the SORA designation was neither an amendment to the judgment of conviction, nor a resentencing (see People v Stevens, 91 NY2d at 276-277). The Court noted that it was confined to the strategic procedural course taken in the appeals before it, and made clear that it was not deciding "the true nature of the proceeding and the relief sought . . . . and whether [such] determinations are subject to . . . review as a civil or criminal proceeding" (id. at 279 [internal quotation marks omitted]). Although the Legislature subsequently provided an express right to appeal from an order making a SORA designation (see Correction Law § 168-n[3]), it has also been determined that a SORA proceeding [*3]is, in fact, "civil in nature" (People v Mingo, 12 NY3d 563, 571).
Turning back to the subject application, pursuant to CPL 160.59, a defendant convicted of certain eligible offenses may apply to the court of conviction to have an eligible conviction sealed after at least 10 years have passed since the imposition of the sentence or, where a sentence of incarceration was imposed, the defendant's release from incarceration (see CPL 160.59[2][a]; [5]). If the defendant's application is not subject to mandatory denial, then determination of the application rests within the discretion of the court (see CPL 160.59[4], [7]). If the court grants the motion, all official records and papers relating to the arrest, prosecution, and conviction are sealed and not made available to any person or public or private agency, with specified exceptions (see CPL 160.59[8]), and it becomes an "unlawful discriminatory practice" to inquire about or act adversely against the defendant on the basis of the sealed records, with specified exceptions (Executive Law § 296[16]).
Although a motion pursuant to CPL 160.59 plainly relates to a criminal matter, the motion does not affect the judgment of conviction, and concerns only the collateral aspect of the sealing of the records of the conviction long after the judgment was entered and sentence imposed. We see no reason to distinguish a motion to seal a conviction pursuant to CPL 160.59 from a motion to unseal records that were sealed pursuant to CPL 160.50 (see Matter of Hynes v Karassik, 47 NY2d at 661 n 1), or to stay CPL 160.50 sealing (see People v Anonymous, 7 AD3d 309), or a motion to conditionally seal a conviction pursuant to CPL 160.58, and agree with the Appellate Divisions which have decided that such motions are predominantly civil in nature and do not arise from the criminal proceeding (see People v Jihan QQ., 151 AD3d at 1246 n; People v M.E., 121 AD3d 157). The nature of a motion pursuant to CPL 160.59 and the relief sought is essentially administrative, and is addressed to the public accessibility of the defendant's criminal records in order to avoid the negative non-criminal consequences of a criminal arrest, prosecution, and conviction, such as difficulty obtaining employment, housing, and access to credit (see Executive Law § 296[16]). This relief is civil in nature and the proceeding in which the application was brought must be deemed civil as well. Accordingly, we hold that a motion pursuant to CPL 160.59 falls within the court's civil jurisdiction (see CPL 10.10[7]), and the defendant may appeal as of right from an order denying his motion made on notice (see CPLR 5701[a][2][v]).
III. Merits of the Defendant's Motion
Turning to the merits of the defendant's motion, the County Court properly determined that it was required to summarily deny the motion since 10 years had not passed since the imposition of sentence on the conviction. It is not disputed that the subject offense is an "eligible offense" under CPL 160.59 (see CPL 160.59[1][a]). Nonetheless, the statute directs that the court must summarily deny a defendant's motion where, among other possibilities, 10 years have not passed since the imposition of the sentence on the defendant's latest conviction or release from incarceration (see CPL 160.59[3][d]; [5]).
The subject conviction is the defendant's only criminal conviction. The defendant contends that the sentence was imposed on January 9, 2006, and, thus, more than 10 years had passed when he moved to have the conviction sealed. Contrary to his contention, the sentence was imposed on April 10, 2015. "A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence" (CPL 1.20[15]). A judgment that is subsequently vacated "no longer exists" (People v Thomas, 33 NY3d 1, 8). On April 10, 2015, the defendant's January 9, 2006 conviction of criminal sale of a controlled substance in the third degree and the sentence imposed thereon were vacated, and thus no longer exist. On that same day, April 10, 2015, the defendant pleaded guilty to criminal possession of a controlled substance in the third degree and the County Court imposed sentence on that conviction. Thus, the date of the imposition of the sentence on the defendant's most recent conviction was April 10, 2015 (see People v Bell, 73 NY2d 153, 165). Since, at the time of the defendant's motion pursuant to CPL 160.59, 10 years had not passed, the court was obligated to summarily deny the motion (see CPL 160.59[3][d]; [5]).
RIVERA, J.P., CONNOLLY and CHRISTOPHER, JJ., concur.
ORDERED that the order is affirmed, without costs or disbursements.
ENTER:
Aprilanne Agostino
Clerk of the Court