■ In the Matter of STUART PODOLSKY, Appellant, v NARNOC CORP., Doing Business as ST. JAMES LUMBER COMPANY, Respondent. [601 NYS2d 320] —In a proceeding to summarily discharge a mechanic's lien filed by the respondent on July 5, 1990, the petitioner appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated March 12, 1991, which denied his application pursuant to Lien Law § 10 (1) and § 19 (6) to discharge the lien. The appeal brings up for review so much of an order of the same court, dated June 14, 1991, as, upon reargument, adhered to the original determination (CPLR 5517 [b]; *Matter of Podolsky v Narnoc Corp.*, 149 Misc 2d 839).

Ordered that the appeal from the order dated March 12, 1991, is dismissed, as that order was superseded by the order dated June 14, 1991, made upon reargument; and it is further,

Ordered that the order dated June 14, 1991, is reversed insofar as reviewed, on the law, the order dated March 12, 1991, is vacated, the petitioner's application is granted, and the lien is discharged; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner constructed a one-family house for the purpose of resale, on real property owned by him in Suffolk County. He employed a builder for this purpose, who purchased materials from the respondent lumber company. On July 5, 1990, the respondent filed a notice of lien for $18,327.85 on the petitioner's property, because the builder had not paid it for some of the building materials it had furnished.

In a telephone conversation, the petitioner's attorney asked the respondent to serve a notice of lien by mail, and the respondent did so. Service occurred within 30 days of the filing of the notice of lien, in compliance with the 1988 amendment to Lien Law § 11 (see, L 1988, ch 105). At the time of this initial telephone conversation, the respondent corporation was not represented by counsel. In a subsequent three-way telephone conversation with the petitioner and his attorney that occurred within the statutory 30-day period, the respondent's president John Conran, informed the petitioner that the respondent had filed the notice of lien. During this latter telephone conversation, the respondent's president also informed the petitioner that he had retained an attorney for this matter. At this point, the petitioner's attorney asked the respondent's president to have its attorney contact him, and terminated the conversation.

The petitioner's search of the Suffolk County Clerk's records on October 18, 1990, revealed that the respondent did not file proof of service of the notice of lien with the County Clerk within 35 days of the filing of the notice, as further required by Lien Law § 11.

The purpose of the 1988 amendment to Lien Law § 11 is to assure that the notice of lien is promptly served. Moreover, the clear language of the amended statute indicates that this requirement is to be enforced by having the lien expire unless proof of service is filed within 35 days of the filing of the notice. In both instances, the Legislature chose the peremptory word "shall", rather than the permissive "may", and

strongly evidenced its intent that the provisions of the amended statute are mandatory in nature *(see, Murphy Constr. Corp. v Morrissey,* 168 AD2d 877, 878; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 177, 193, at 345, 357-358; *People v Schonfeld,* 74 NY2d 324, 328-329).

Since the statutory language is clear and unambiguous, there is no need for further statutory construction *(see, Paolangeli v Sopp,* 145 Misc 2d 259, 261). While Lien Law § 23 provides for liberal construction of that law's provisions, it does not authorize the court to ignore the plain meaning and clear effect of those provisions. Furthermore, although a court has discretion to disturb a harsh disposition that is not authorized by statute *(see, e.g., Tewari v Tsoutsouras,* 75 NY2d 1; *Kolb v Strogh,* 158 AD2d 15), no such leniency is authorized where, as here, the result, to wit, discharge of the lien, is mandated by the statute *(see, Matter of Hui's Realty v Transcontinental Constr. Servs.,* 168 AD2d 302, 302-303, *affg* 147 Misc 2d 1086; *Paolangeli v Sopp, supra,* at 261).

We disagree with the court's finding upon reargument that the petitioner had a duty to inform the respondent of the statutory requirements of Lien Law § 11, and that his failure to do so estops him from questioning the validity of the respondent's lien. First, the court's reliance on such cases as *Rothschild v Title Guar. & Trust Co.* (204 NY 458) and *La Porto v Village of Philmont* (39 NY2d 7) is misplaced. The party's duty to speak in those cases is undeniable. In *Rothschild,* for example, remaining silent concealed the forgery of a mortgage document, and caused injury to a party who had relied on the validity of the document. In *La Porto v Village of Philmont (supra)* a village which originally asserted jurisdiction over certain lands knowingly permitted a second village to assert unchallenged jurisdiction over the same territory for a period of 80 years. When the first village attempted to reclaim the disputed territory, the court properly found that its failure to speak earlier estopped it from doing so.

Under the facts of this case, the petitioner had no duty to speak. First, although briefly acting *pro se,* the respondent's president was sufficiently sophisticated at the outset to file the notice of lien in compliance with Lien Law § 11. Second, by the time of the three-way conference call, the respondent had obtained legal representation for the disputed matter. Consequently, it was the duty of the respondent's counsel to inform his client of the statutory mandate and to file proof of service within the 35-day time period. Besides advising the respondent to seek legal counsel during its brief unrepresented period, the

petitioner's attorney had no further duty to the respondent. An attorney's duty is to zealously represent the interests of his own client, and not to advise his adversary on the law.

We have considered the respondent's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.