■ JOHN CAREY, Plaintiff, v MARIO CUOMO, as Governor of the State of New York, et al., Defendants. [619 NYS2d 646] —Action pursuant to CPLR 3222 upon an agreed statement of facts, *inter alia,* for a declaration that New York Constitution, article VI, § 25 (b) and Judiciary Law §§ 23, 115 should be interpreted as extending the opportunity of certification for post-retirement service to the plaintiff, a County Court Judge.

Ordered and adjudged that it is declared that New York Constitution, article VI, § 25 (b) and Judiciary Law §§ 23, 115 do not entitle the plaintiff to certification for post-retirement service, and do not deprive the plaintiff of equal protection of the law, without costs or disbursements.

The plaintiff is a County Court Judge in Westchester County. He was born on June 11, 1924, and the 70 anniversary of his birth occurred in 1994. By letters to the defendant Administrative Board of the Courts of the State of New York (hereinafter the Administrative Board), the plaintiff requested that he be considered for certification for service past the mandatory retirement age of 70 pursuant to New York Constitution, article VI, § 25 (b) and Judiciary Law §§ 23, 115. The Administrative Board denied both requests.

The plaintiff commenced an action in the United States District Court for the Southern District of New York on the ground that the denial of his request for certification for post-retirement service denied him equal protection of the law. The parties have submitted this controversy to this Court pursuant to CPLR 3222, after the District Court recommended that the plaintiff seek relief from the New York State courts.

We reject the plaintiff's argument that the New York Constitution, article VI, § 25 (b) and Judiciary Law §§ 23, 115 should be interpreted to permit certification of County Court Judges for post-retirement service. The plain language of

these provisions clearly and unambiguously restricts the opportunity for post-retirement service solely to former Judges of the Court of Appeals and Justices of the Supreme Court for service in the Supreme Court. It is well recognized that where statutory language is clear and unambiguous, a court should construe it so as to give effect to the plain meaning of the words used *(see, Matter of State of New York v Ford Motor Co.,* 74 NY2d 495). Because the challenged provisions are unambiguous, they should be interpreted according to their express terms, and without resort to further statutory construction *(see, Matter of Tucker v Board of Educ.,* 82 NY2d 274, 278; *Matter of Podolsky v Narnoc Corp.,* 196 AD2d 593, 595).

We further reject the plaintiff's contention that the challenged provisions violate his right to equal protection under the Fourteenth Amendment of the United States Constitution. As the Court of Appeals has recognized, the complexity of the Supreme Court's jurisdiction provides a rational basis to require greater experience and manpower than are necessary in other courts *(see, Maresca v Cuomo,* 64 NY2d 242). Other differences between Supreme Court Justices and County Court Judges with respect to term of office and qualifications provide an additional basis to treat the two judicial offices differently in this matter *(see,* NY Const, art VI, §§ 6, 10, 20).

The fact that the plaintiff has previously served as a Supreme Court Justice and is occasionally designated as an acting Supreme Court Justice is irrelevant to either of his arguments. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.