People v Shrayef (2020 NY Slip Op 02073)





People v Shrayef


2020 NY Slip Op 02073


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-06058
 (Ind. No. 4136/02)

[*1]The People of the State of New York, respondent,
v
Abed "Jim" Shrayef, appellant.


Schwed & Zucker, Kew Gardens, NY (Michael Schwed of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Eleanor Reilly on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Joseph A. Zayas, J.), dated April 23, 2019, which denied his motion pursuant to CPL 160.59 to seal his conviction of money laundering in the second degree.
ORDERED that the order is affirmed, without costs or disbursements.
In 2004, the defendant pleaded guilty to money laundering in the second degree (Penal Law § 470.15). The defendant was sentenced to a term of imprisonment of three months followed by a period of probation of five years. In 2012, the Supreme Court granted the defendant's application for a certificate of relief from disabilities.
In 2019, the defendant moved pursuant to CPL 160.59 to seal his conviction of money laundering in the second degree. The People agreed that the defendant's conviction was eligible for sealing under CPL 160.59, took no position on whether the Supreme Court should seal the defendant's conviction, and left the matter to the court's discretion. Since the People did not oppose the motion, the court did not conduct a hearing (see CPL 160.59[6]). However, the court denied the defendant's motion, concluding that sealing was not warranted under the circumstances of this case. The defendant appeals.
CPL 160.59 provides that a defendant who has been convicted of up to two eligible offenses (but not more than one felony offense) may apply to the court in which he or she was convicted to have such convictions sealed (see CPL 160.59[2][a]). The statute, inter alia, defines "eligible offense" (CPL 160.59[1][a]), sets forth requirements for the defendant's application to the court (see CPL 160.59[2][b]), and provides when the reviewing court must summarily deny the defendant's application (see CPL 160.59[3]). In addition, CPL 160.59 provides that an eligible offense may not be sealed until after the statutorily prescribed 10-year period has passed (see CPL 160.59[5]). Provided the defendant meets these eligibility requirements, the court "shall consider any relevant factors, including but not limited to" those set forth in CPL 160.59(7).
Where the defendant meets the requirements of CPL 160.59, the decision of whether to seal an eligible offense is within the sound discretion of the court (see CPL 160.59[4], [7]; People [*2]v Decker, 65 Misc 3d 282, 286 [Sullivan County Ct]; People v N.N., 58 Misc 3d 610, 612 [Sup Ct, Queens County]; William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, CPL 160.59; cf. People v Parker, 160 AD3d 767, 771; People v Jihan QQ., 151 AD3d 1245, 1246; People v M.E., 121 AD3d 157, 159 n).
Here, there is no dispute that the defendant's conviction of money laundering in the second degree is eligible for sealing, as it does not fall within any of the categories of excluded offenses (see CPL 160.59[1][a]). Further, the People do not dispute that the defendant satisfied the 10-year statutory period (see CPL 160.59[5]), that his motion contained the materials required by CPL 160.59(2)(b), and that his criminal history report demonstrated that he did not have any prior or subsequent criminal convictions (see CPL 160.59[2][d]; [3]). Rather, the only issue before this Court is whether the Supreme Court improvidently exercised its discretion in denying the defendant's motion to seal his conviction.
The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion pursuant to CPL 160.59 to seal his conviction. The court considered the nonexhaustive relevant factors identified in CPL 160.59(7) to make the discretionary determination that granting the defendant's motion to seal his conviction was not warranted. Specifically, the time since the defendant's conviction (see CPL 160.59[7][a]), as well as his lack of contacts before or since with the criminal justice system (see CPL 160.59[7][c]), weighed in favor of granting the motion. However, the circumstances and seriousness of the offense (see CPL 160.59[7][b]), including the defendant's centrality in the scheme and length of time he participated in it, weighed against granting the motion. Further, although the defendant submitted evidence demonstrating his professional success, he failed to submit sufficient evidence to aid the court in considering other aspects of his character (see CPL 160.59[7][d]), and failed to submit any evidence indicating the impact that sealing his conviction would have on his rehabilitation and upon his successful and productive reentry and reintegration into society (see CPL 160.59[7][f]).
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court