People v Esposito (2020 NY Slip Op 06807)





People v Esposito


2020 NY Slip Op 06807


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-09243
 (Ind. No. 5662/85)

[*1]The People of the State of New York, respondent,
v
Michael Esposito, appellant.


Jeffrey Scaggs, White Plains, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel; Eleanor Reilly on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Joseph A. Zayas, J.), dated July 1, 2019, which denied his motion pursuant to CPL 160.59 to seal his conviction of criminally negligent homicide.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant moved pursuant to CPL 160.59 to seal his conviction of criminally negligent homicide. In an order, dated July 1, 2019, the Supreme Court denied his motion. He appeals.
"CPL 160.59 provides that a defendant who has been convicted of up to two eligible offenses (but not more than one felony offense) may apply to the court in which he or she was convicted to have such convictions sealed" (People v Shrayef, 181 AD3d 935, 936; see CPL 160.59[2][a]). The statute defines "eligible offense" as "any crime defined in the laws of this state other than [among other crimes not relevant to this appeal] a felony offense defined in article one hundred twenty-five of the penal law." (CPL 160.59[1][a]). Here, the defendant was convicted of criminally negligent homicide. Criminally negligent homicide is a class E felony defined in article 125 of the Penal Law (see Penal Law § 125.10). Thus, the defendant's conviction is ineligible for sealing because it falls in a category of excluded offenses (see CPL 160.59[1][a]).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court