People v Decker (2021 NY Slip Op 00217)





People v Decker


2021 NY Slip Op 00217


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

530281

[*1]The People of the State of New York, Respondent,
v
Thomas Decker, Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Jonna Spilbor Law, Poughkeepsie (Jonna M. Spilbor of counsel), for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello (Leigh G. Wellington of counsel), for respondent.



Aarons, J.
Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered August 1, 2019, which denied defendant's application pursuant to CPL 160.59 to seal his criminal conviction, following a hearing.
After his conviction upon a guilty plea, defendant was sentenced in 2006 to five years of probation, six months of alternate weekends in jail and community service. In 2019, defendant moved under CPL 160.59 to seal his conviction. The People opposed the motion. A hearing was held, after which County Court denied the motion. Defendant appeals.
CPL 160.59 (7) sets forth various factors for a court's consideration when presented with a motion to seal a conviction. In addition to the enumerated factors therein, a court "shall consider any relevant factor[]" (CPL 160.59 [7]). The record reflects that County Court held a hearing on July 29, 2019 wherein defendant testified and various documents were received into evidence.[FN1] At the conclusion of the hearing,[FN2] the court directed that "the matter [be] fully submitted by this Friday" and afforded the parties the opportunity to submit, upon notice, any other information in writing by that day. The court, however, issued a decision on July 31, 2019 — i.e., two days before when the court stated that the matter would be deemed fully submitted. Defendant represents that he intended to submit more evidence by the stated deadline for the court's consideration. In view of the foregoing, the court prematurely decided the motion and improperly denied defendant the opportunity to submit additional information. Accordingly, the order must be reversed and the matter remitted so that defendant may provide more information for the court's consideration.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We take judicial notice of the fact that July 29, 2019 was a Monday.

Footnote 2: Defendant's assertion that County Court incorrectly allowed the People to cross-examine him about prior acts for which he was indicted but not convicted is unpreserved (see CPL 470.05 [2]).