People v Bugge (2021 NY Slip Op 04718)





People v Bugge


2021 NY Slip Op 04718


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2020-04996
 (Ind. No. 1437/97)

[*1]The People of the State of New York, respondent,
v
Brian K. Bugge, appellant.


Brian K. Buggé, named herein as Brian K. Bugge, Staten Island, NY, appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Stephen L. Braslow, J.), dated March 11, 2020, which denied, without a hearing, his motion pursuant to CPL 160.59 to seal his convictions of unlawful possession of examination questions in violation of Civil Service Law § 50(11)(d), unlawful disclosure of examination questions in violation of Civil Service Law § 50(11)(g) (10 counts), and unlawful furnishing of secret information to persons to be examined in violation of Civil Service Law § 106 (15 counts).
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Suffolk County, for a hearing in accordance with CPL 160.59(6) and a new determination of the defendant's motion thereafter.
In 1999, the defendant, who was then a police officer with the Suffolk County Police Department, pleaded guilty to unlawful possession of examination questions (Civil Service Law § 50[11][d]), 10 counts of unlawful disclosure of examination questions (Civil Service Law § 50[11][g]), and 15 counts of unlawful furnishing of secret information to persons to be examined (Civil Service Law § 106). The defendant was sentenced to probation and directed to pay a $40,000 fine. In 2002, the County Court granted the defendant's application for a certificate of relief from disabilities.
In 2017, the defendant, pro se, moved pursuant to CPL 160.59 to seal his convictions (hereinafter the prior motion). In support of the prior motion, the defendant averred, inter alia, that the County Court should exercise its discretion to grant his application because he had held several prominent positions within the security field and academia, and he was applying for a security registration with the New Jersey State Police. The People opposed the defendant's prior motion, and on February 1, 2018, the court held a hearing on the defendant's prior motion. In an order dated February 6, 2018, the court denied the defendant's prior motion.
In 2020, the defendant again moved pursuant to CPL 160.59 to seal his convictions (hereinafter the 2020 motion). In support of the 2020 motion, the defendant averred, among other things, that he was the owner/director of a security guard training school and would like to extend [*2]training to religious institutions, and that having his convictions sealed would enable him to apply for and receive a wider variety of state and federal grants. The People opposed the 2020 motion, contending, inter alia, that because the County Court had already conducted a hearing, the court should deny the 2020 motion without a hearing. In an order dated March 11, 2020, the court, without a hearing, denied the 2020 motion. The defendant appeals from the order denying the 2020 motion.
Initially, the People's contention that an order denying a motion to seal pursuant to CPL 160.59 is not appealable is without merit. Although a motion pursuant to CPL 160.59 relates to a criminal matter, "it does not affect the criminal judgment itself, but only a collateral aspect of it—namely, the sealing of the court record," and, therefore, is civil in nature (Matter of Hynes v Karassik, 47 NY2d 659, 661 n 1; see CPL 10.10[7]). As such, the defendant is entitled to appeal as of right from the subject order denying the 2020 motion, which was made upon notice to the People (see CPLR 5701[a][2][v]; People v Coulibaly, _____ AD3d _____, 2021 NY Slip Op 04616 [2d Dept]; People v Jihan QQ., 151 AD3d 1245, 1246 n; People v M.E., 121 AD3d 157, 159; People v Anonymous, 7 AD3d 309, 310).
"CPL 160.59 provides that a defendant who has been convicted of up to two eligible offenses (but not more than one felony offense) may apply to the court in which he or she was convicted to have such convictions sealed" (People v Shrayef, 181 AD3d 935, 936; see CPL 160.59[2][a]; People v Esposito, 188 AD3d 1092, 1092). The statute, inter alia, defines "eligible offense" (CPL 160.59[1][a]), sets forth requirements for the defendant's application to the court (see id. § 160.59[2][b]), and provides when the reviewing court must summarily deny the defendant's application (see id. § 160.59[3]; People v Shrayef, 181 AD3d at 936). CPL 160.59(6) provides that "[u]pon determining that the application is not subject to mandatory denial pursuant to subdivision three of this section and that the application is opposed by the district attorney, the sentencing judge or county or supreme court shall conduct a hearing on the application in order to consider any evidence offered by either party that would aid the sentencing judge in his or her decision whether to seal the records of the defendant's convictions. No hearing is required if the district attorney does not oppose the application" (emphasis added).
Here, the 2020 motion was not subject to mandatory denial under CPL 160.59(3), and the district attorney opposed the 2020 motion. "'[W]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning'" (People ex rel. Negron v Superintendent, Woodbourne Corr. Facility, 36 NY3d 32, 36, quoting State of New York v Patricia II., 6 NY3d 160, 162; see People v Boston, 75 NY2d 585, 588). By using the word "shall," the Legislature clearly and unambiguously provided that when the motion is not subject to mandatory denial under CPL 160.59(3) and the district attorney opposes the motion, the motion court does not have the discretion to dispense with the hearing requirement, even where, as here, the court had held a hearing on the defendant's prior CPL 160.59 motion (see id. § 160.59[6]; see generally Maine Community Health Options v United States, _____ US _____, _____, 140 S Ct 1308, 1320; Lexecon Inc. v Milberg Weiss Bershad Hynes & Lerach, 523 US 26, 35; People v Schonfeld, 74 NY2d 324, 328; Podolsky v Narnoc Corp., 196 AD2d 593, 594-595; McKinney's Cons Laws of NY, Book 1, Statutes § 177[a]). Further, CPL 160.59 is a remedial statute, and remedial statutes should be interpreted broadly to accomplish their goals (see People v Brown, 25 NY3d 247, 251; People v Parker, 160 AD3d 767, 768; McKinney's Cons Laws of NY, Book 1, Statutes § 321).
Accordingly, we remit the matter to the County Court, Suffolk County, for a hearing in accordance with CPL 160.59(6), and a new determination of the 2020 motion thereafter (see generally People v Decker, 190 AD3d 1132; People v Parker, 160 AD3d at 771).
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court