People v Miranda (2022 NY Slip Op 03009)

People v Miranda

2022 NY Slip Op 03009

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-01042

[*1]The People of the State of New York, respondent,
v
Frank Miranda, appellant. (S.C.I. No. 366/07)

Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel; Anmari Guerrero on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated January 11, 2021, which denied, without a hearing, his motion pursuant to CPL 160.59 to seal his conviction of attempted promoting prostitution in the third degree.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance with CPL 160.59(6) and a new determination of the defendant's motion thereafter.
In 2007, the defendant pleaded guilty before the Supreme Court, Queens County, to attempted promoting prostitution in the third degree (Penal Law §§ 110.00, 230.25[1]), a class E felony.
In January 2020, the defendant moved pursuant to CPL 160.59 to seal his conviction, and the People opposed the motion. By order dated March 4, 2020, the Supreme Court denied the defendant's motion. However, when defense counsel noted that it appeared that his reply papers had not been considered, the court (Suzanne Melendez, J.) agreed to reconsider the motion. By order dated December 1, 2020, the court (Karen Gopee, J.) denied the defendant's motion upon the grounds that CPL 160.59(1)(a) excludes offenses requiring registration under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) and a conviction for violating Penal Law §§ 110.00, 230.25(1) now requires SORA registration when the complainant is younger than 17 years old.
In December 2020, the defendant again moved pursuant to CPL 160.59 to seal his conviction, contending, inter alia, that the 2016 amendment to SORA, which required registration as a sex offender for convictions pursuant to Penal Law § 230.25 where the person prostituted is in fact younger than 17 years old, did not apply to his conviction. By order dated January 11, 2021, the Supreme Court (Karen Gopee, J.) denied the defendant's motion to seal the record of his conviction without conducting a hearing. The court held that the defendant's conviction was ineligible for sealing because CPL 160.59(1)(a) excludes offenses for which registration under SORA is required and the defendant would be required to register under SORA if he had pleaded guilty to attempted [*2]promoting prostitution in the third degree today, as one of the complainants was allegedly 15 years old. Alternatively, the court held that even if the defendant's conviction was eligible for sealing under CPL 160.59, it would nevertheless deny the defendant's motion due to "the nature and seriousness of the crime" and "the circumstances and seriousness of the offense." The defendant appeals from the order dated January 11, 2021.
"CPL 160.59 provides that a defendant who has been convicted of up to two eligible offenses (but not more than one felony offense) may apply to the court in which he or she was convicted to have such convictions sealed" (People v Shrayef, 181 AD3d 935, 936; see CPL 160.59[2][a]; People v Bugge, 197 AD3d 653, 655; People v Esposito, 188 AD3d 1092, 1092). The statute defines "eligible offense" as "any crime defined in the laws of this state other than [among other crimes not relevant to this appeal] an offense for which registration as a sex offender is required pursuant to article six-C of the correction law" (CPL 160.59[1][a]; see People v Esposito, 188 AD3d at 1092). Under Correction Law § 168-a(1), the term "sex offender" includes "any person who is convicted of any of the offenses set forth in subdivision two or three of this section." Under the current version of Correction Law § 168-a(2)(a)(i), "sex offense" means "a conviction of or a conviction for an attempt to commit any of the provisions of . . . section 230.25 of the penal law where the person prostituted is in fact less than seventeen years old."
However, in 2007, at the time of the defendant's conviction for attempted promoting prostitution in the third degree (Penal Law §§ 110.00, 230.25), the definition of "sex offense" in Correction Law § 168-a(2) did not include convictions of an attempt to commit Penal Law § 230.25 (see Correction Law former § 168-a[1], [2]; L 2006, ch 320, § 8 [eff Nov. 1, 2006]). Further, the defendant has never been required to register under SORA for this conviction. Accordingly, under the plain language of the statute, the defendant has not been not convicted of "an offense for which registration as a sex offender is required pursuant to article six-C of the correction law" (CPL 160.59[1][a]; see generally Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). Thus, the Supreme Court should not have determined that the defendant's conviction falls into the category of excluded offenses (cf. People v Esposito, 188 AD3d at 1092-1093; People v Olubummo, 66 Misc 3d 143[A], 2020 NY Slip Op 50169[U] [App Term, 2d Dept, 9th & 10th Jud Dists]; People v Doe, 62 Misc 3d 574, 578). Likewise, although CPL 160.59(3)(a) provides that the reviewing court must summarily deny the defendant's application when, inter alia, "the defendant is required to register as a sex offender pursuant to article six-C of the correction law," here, the defendant is not required to do so.
As the defendant's motion was not subject to mandatory denial under CPL 160.59(3) and the district attorney opposed the defendant's motion, a hearing on the defendant's motion was required (see id. § 160.59[6]; People v Bugge, 197 AD3d at 656). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing in accordance with CPL 160.59(6), and a new determination of the motion thereafter (see People v Bugge, 197 AD3d at 656; see also People v Decker, 190 AD3d 1132; People v Parker, 160 AD3d 768, 771).
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court