People v Witherspoon (2022 NY Slip Op 05866)

People v Witherspoon

2022 NY Slip Op 05866

Decided on October 19, 2022

Appellate Division, Second Department

Connolly

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-06442

[*1]The People of the State of New York, appellant,
v
Curtis Witherspoon, respondent. (S.C.I. No. 73711/90)

APPEAL by the People from an order of the Supreme Court (Angelo A. Delligatti, J.), dated July 30, 2021, and entered in Nassau County. The order granted, without a hearing, the defendant's motion pursuant to CPL 160.59 to seal his conviction of attempted grand larceny in the third degree.

Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley, Kevin C. King, and David L. Glovin of counsel), for appellant.
Collins Gann McCloskey & Barry, PLLC, Mineola, NY (Richard D. Collins of counsel), for respondent (no brief filed).

CONNOLLY, J.P.

OPINION & ORDER
This appeal presents the question of whether CPL 160.59(3)(f) requires a court to summarily deny a defendant's motion to seal an eligible offense where the defendant subsequently has been convicted of a crime under the laws of another state. We hold that CPL 160.59(3)(f) does not require summary denial under these circumstances. Instead, a defendant's subsequent conviction under the laws of another state is a factor that the motion court should consider in its discretionary determination as to whether to seal the eligible offense (see id. § 160.59[7]).
I. Factual And Procedural History
In 1990, the defendant was convicted in Nassau County of attempted grand larceny in the third degree and was sentenced to a term of imprisonment of 90 days, to be followed by 5 years of postrelease supervision.
In April 2021, the defendant moved pursuant to CPL 160.59 to seal his conviction. In support of the motion, the defendant submitted, among other things, an affirmation from his attorney stating that the defendant "has had no subsequent contact with the criminal justice system whatsoever" since his 1990 conviction. The attorney affirmation further stated that the defendant "has not been convicted of any crime after the date of the entry of judgment of his conviction that he requests to be sealed. This conviction is the only crime on his record." The defendant also submitted his own affidavit, in which he averred, among other things, that his conviction made it difficult for him to obtain gainful employment, and that in order to find employment, he relocated to Maryland and then Virginia.
The People opposed the defendant's motion upon the ground that the defendant's motion did not appear to present the defendant's entire criminal history. The People submitted a copy of the defendant's criminal history report, which indicated that a person with a similar name, [*2]physical description, and social security number as the defendant was convicted in Virginia in 2018 of falsely summoning or giving false reports to law enforcement officials, a misdemeanor (see Va Code Ann former § 18.2-461 [1996]). The People contended that the defendant's misdemeanor conviction in Virginia required the Supreme Court to summarily deny the defendant's motion to seal his New York conviction of attempted grand larceny in the third degree under CPL 160.59(3)(f).
By order dated July 30, 2021, the Supreme Court, without a hearing, granted the defendant's motion (see People v C.W., 72 Misc 3d 1082, 1084). The court held that CPL 160.59(3)(f) only requires the summary denial of motions to seal where the defendant was subsequently convicted under the laws of the State of New York, and the defendant's conviction of a crime in Virginia did not disqualify him from relief pursuant to CPL 160.59 (see id.). The court further held that, upon weighing the discretionary factors listed in CPL 160.59(7), the defendant's 1990 conviction should be sealed (see id.). The People appeal. We reverse and remit for a hearing and a new determination of the defendant's motion thereafter.
II. Statutory Framework
"CPL 160.59 provides that a defendant who has been convicted of up to two eligible offenses (but not more than one felony offense) may apply to the court in which he or she was convicted to have such convictions sealed" (People v Shrayef, 181 AD3d 935, 936; see CPL 160.59[2][a]; People v Miranda, 205 AD3d 734, 735-736; People v Bugge, 197 AD3d 653, 655; People v Esposito, 188 AD3d 1092, 1092). CPL 160.59(1)(a) defines "eligible offense" as "any crime defined in the laws of this state," with certain exceptions that are not applicable to this case (see People v Bugge, 197 AD3d at 655; People v Shrayef, 181 AD3d at 936).
CPL 160.59 further provides the requirements for the defendant's application to the court (see id. § 160.59[2][b]; People v Bugge, 197 AD3d at 655). Pursuant to CPL 160.59(2)(b), the defendant's application to the court must include, among other things, a copy of a certificate of disposition or other similar documentation for any offense for which the defendant has been convicted, or an explanation of why such certificate or other documentation is not available, a sworn statement of the defendant as to whether he or she has filed, or then intends to file, any motion to seal any other eligible offense, and a sworn statement of the reason or reasons why the court should, in its discretion, grant the defendant's motion to seal, along with any supporting documentation.
The statute provides that a copy of the motion to seal must be served upon the district attorney of the county in which the conviction, or, if more than one, the convictions, was or were obtained (see id. § 160.59[2][c]). If the district attorney objects to the motion to seal, the district attorney must notify the court within 45 days (see id.). Additionally, CPL 160.59(2)(d) provides that when the motion to seal is filed with the court, the court "shall request and receive from the division of criminal justice services a fingerprint based criminal history record of the defendant, including any sealed or suppressed records," and "[t]he division of criminal justice services also shall include a criminal history report, if any, from the federal bureau of investigation regarding any criminal history information that occurred in other jurisdictions."
CPL 160.59(3) provides that the reviewing court must summarily deny the defendant's application when specified conditions are met (see id.; People v Miranda, 205 AD3d at 736; People v Bugge, 197 AD3d at 655; People v Shrayef, 181 AD3d at 936). As relevant to this appeal, CPL 160.59(3) provides that the motion to seal "shall" be summarily denied where "the defendant was convicted of any crime after the date of the entry of judgement [sic] of the last conviction for which sealing is sought" (id. § 160.59[3][f] [emphasis added]). In addition, CPL 160.59(5) provides that an eligible offense may not be sealed until after the statutorily prescribed 10-year period has passed.
CPL 160.59(6) provides that "[u]pon determining that the application is not subject to mandatory denial pursuant to subdivision three of this section and that the application is opposed by the district attorney, the sentencing judge or county or supreme court shall conduct a hearing on the application in order to consider any evidence offered by either party that would aid the sentencing judge in his or her decision whether to seal the records of the defendant's convictions. No hearing is required if the district attorney does not oppose the application" (emphasis added; see People v Bugge, 197 AD3d at 655).
Provided the defendant meets the eligibility requirements, the court:
"shall consider any relevant factors, including but not limited to: (a) the amount of time that has elapsed since the defendant's last [*3]conviction; (b) the circumstances and seriousness of the offense for which the defendant is seeking relief, including whether the arrest charge was not an eligible offense; (c) the circumstances and seriousness of any other offenses for which the defendant stands convicted; (d) the character of the defendant, including any measures that the defendant has taken toward rehabilitation, such as participating in treatment programs, work, or schooling, and participating in community service or other volunteer programs; (e) any statements made by the victim of the offense for which the defendant is seeking relief; (f) the impact of sealing the defendant's record upon his or her rehabilitation and upon his or her successful and productive reentry and reintegration into society; and (g) the impact of sealing the defendant's record on public safety and upon the public's confidence in and respect for the law" (CPL 160.59[7][a]-[g]).
Where the defendant meets the requirements of CPL 160.59, the decision of whether to seal an eligible offense is within the sound discretion of the court (see id. § 160.59[4], [7]; People v Shrayef, 181 AD3d at 936).
Here, it is undisputed that the defendant's 1990 conviction of attempted grand larceny in the third degree qualified as an "eligible offense" (CPL 160.59[1][a]). However, as noted above, the People did oppose the defendant's motion to seal.
On appeal, the People reiterate that the Supreme Court was required to summarily deny the defendant's motion to seal pursuant to CPL 160.59(3)(f) because of the defendant's 2018 misdemeanor conviction in Virginia. In the alternative, the People contend that under CPL 160.59(6), the court erred by granting the defendant's application without conducting a hearing.
III. Summary Denial Is Not Required Under CPL 160.59(3)(f) Where The Defendant Was Subsequently Convicted Of A Crime Under Another State's Laws
The issue before this Court—whether CPL 160.59(3)(f) requires summary denial where the defendant has a subsequent conviction under the laws of another state—is one of first impression for an appellate court. Motion courts addressing this issue have reached contradictory results. For example, in People v Camplin, the Supreme Court, Nassau County, held that a plain reading of CPL 160.59(3)(f) required the court to summarily deny the defendant's motion to seal his eligible offense because of a subsequent misdemeanor conviction in Florida (see People v Camplin, 2021 NY Misc LEXIS 9410 [Sup Ct, Nassau County, SCI No. 81499/1992]; see also People v Cowan, Nassau Dist Ct, Mar. 30, 2021, Alexander, J., index No. CR-029848-06NA [summarily denying the defendant's motion to seal pursuant to CPL 160.59(3)(f) based upon the defendant's subsequent conviction in New Jersey]). Whereas in the instant case, the Supreme Court held that the defendant's subsequent misdemeanor conviction in another state was not a "crime" under the applicable definitions of the Criminal Procedure Law and the Penal Law (see People v C.W., 72 Misc 3d at 1084).
The People contend that under a plain reading of CPL 160.59(3)(f), "any crime" must include convictions under the laws of other states. The People further contend that interpreting CPL 160.59(3)(f) to require summary denial of a defendant's motion to seal where the defendant has been convicted of a crime under the laws of another state is consistent with the statute's overall framework and purpose, as well as public policy. We disagree.
Under well-established rules of statutory construction, we begin our analysis with the language of CPL 160.59, "because our primary consideration is to ascertain the legislature's intent, of which the text itself is generally the best evidence" (People v Francis, 30 NY3d 737, 740 [internal quotation marks omitted]; see Colon v Martin, 35 NY3d 75, 78). Courts generally "construe words of ordinary import with their usual and commonly understood meaning" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [internal quotation marks omitted]), "unless the Legislature by definition or from the rest of the context of the statute provides a special meaning" (Lohan v Take-Two Interactive Software, Inc., 31 NY3d 111, 121 [internal quotation marks omitted]; see Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 279-280). A statute "must be construed as a whole and . . . its various sections must be considered together and with reference to each other" (Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, [*4]721 [internal quotation marks omitted]; see Matter of Walsh v New York State Comptroller, 34 NY3d at 524). Where the statutory language is clear and unambiguous, a court need not resort to legislative history (see Matter of Walsh v New York State Comptroller, 34 NY3d at 524; Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 173; People v Cypress Hills Cemetery, 208 AD2d 247, 251).
Although CPL 160.59(3)(f) provides that the motion to seal "shall" be summarily denied where "the defendant was convicted of any crime after the date of the entry of judgement [sic] of the last conviction for which sealing is sought," the phrase "any crime" is not defined in CPL 160.59 (see id. § 160.59[3][f]). Nevertheless, CPL 1.20 states that "[e]xcept where different meanings are expressly specified in subsequent provisions of this chapter, the term definitions contained in section 10.00 of the penal law are applicable to this chapter" (emphasis added). We therefore look to the definitions in Penal Law § 10.00 to analyze terms in the Criminal Procedure Law, including those in CPL 160.59.
Penal Law § 10.00(6) defines "crime" as a "misdemeanor" or a "felony." A felony is defined as an "offense" for which a sentence of imprisonment in excess of 1 year may be imposed (see id. § 10.00[5]), while a misdemeanor is an "offense" for which a sentence in excess of 15 days may be imposed, but for which a sentence in excess of 1 year may not be imposed (see id. § 10.00[4]). An "offense" is defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same" (id. § 10.00[1] [emphasis added]).
The People contend that the definition of "offense" in Penal Law § 10.00(1) does not require the conduct to have resulted in a conviction in New York, and that the definition in Penal Law § 10.00(1) is focused on the nature of the conduct [FN1]. Therefore, according to the People, as the defendant's conduct in Virginia of falsely summoning or giving false reports to law enforcement officials (see Va Code Ann former § 18.2-461 [1996]) would constitute the similar crime of falsely reporting an incident in the third degree under New York law (see Penal Law § 240.50[3][a]), his 2018 Virginia conviction constitutes an "offense" under Penal Law § 10.00(1) and a "crime" under Penal Law § 10.00(6) and CPL 160.59(3)(f).
We find that the People's construction of "offense" in Penal Law § 10.00(1) in conjunction with CPL 160.59(3)(f) is strained. There are neither any express nor implied provisions of CPL 160.59(3)(f) indicating that an offense committed in another state, under the laws of that state, should require a motion court to summarily deny a defendant's motion to seal where the conduct would have been an offense if committed in New York or where the essential elements of the out-of-state crime are the same as the essential elements of a New York crime. Regardless of whether it would have been appropriate for the Legislature to include language in CPL 160.59(3)(f) providing that "any crime" includes convictions of crimes under the laws of other states when the essential elements are the same as the essential elements of a New York crime, a court may not adopt a strained interpretation in order to fill a perceived gap in the statute (see Matter of Kennedy v Kennedy, 251 AD2d 407, 408; People v Goodwin, 49 AD2d 53, 55 ["questions relative to the wisdom, propriety, and desirability of legislation are for the Legislature and not for the courts"]; see also McKinney's Cons Laws of NY, Book 1, Statutes § 92, Comment ["the court cannot, through construction, enact an intent the Legislature totally failed to express, and courts may not read into a law any word or provision unless good grounds appear for thinking that the lawmakers intended to include something which they have failed to plainly express"]).
The People contend that the use of the word "any" instead of "a" suggests that the phrase "any crime" should be interpreted broadly, as it should not be assumed that the Legislature deliberately placed a phrase in a statute that was intended to serve no purpose (see Matter of Rodriguez v Perales, 86 NY2d 361, 366). Although the dictionary definition of the word "any" is broad (see Merriam-Webster Online Dictionary, any [http://www.merriam-webster.com/dictionary/any] ["unmeasured or unlimited in amount, number, [*5]or extent"]), it modifies the word "crime," which even the People acknowledge must be construed in accordance with its definition in the Penal Law, and further acknowledge that the definition of "crime" turns in part on the meaning of "offense" (see CPL 1.20; Penal Law § 10.00 [1]). Instead of serving "no purpose," the use of the word "any" provides for a broad interpretation of "crime"—within the confines of the definitions in Penal Law § 10.00 and the context of CPL 160.59.
Contrary to the People's contention, neither the context of the phrase "any crime" in CPL 160.59(3)(f) nor the structure of CPL 160.59 as a whole compels the contrary construction, or suggests any ambiguity (see generally Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, 603-604 ["Courts should give a statute a sensible and practical over-all construction, which is consistent with and furthers its scheme and purpose and which harmonizes all its interlocking provisions"] [internal quotation marks and alteration omitted]). As correctly pointed out by the People, the definition of "eligible offense" for sealing in CPL 160.59(1)(a) specifies that it means "any crime defined in the laws of this state." However, it is too much of a leap to infer, as the People do, that the specific reference to the laws of this state in defining offenses eligible for sealing by an order from a New York State court indicates a legislative intent to include crimes under the laws of other states within the reach of CPL 160.59(3)(f).
The People's reliance upon the express provision in CPL 160.59(2)(d) requiring the division of criminal justice services to include a criminal history report from the federal bureau of investigation regarding "any criminal history information that occurred in other jurisdictions," as an indication of legislative intent for CPL 160.59(3)(f), is likewise misplaced. Certainly, the statute's specific inclusion of information about a defendant's criminal history in other jurisdictions indicates that this information is relevant to a motion court's determination of a motion to seal (see id. § 160.59[2][d]). However, information about a defendant's criminal history in other jurisdictions need not require summary denial under CPL 160.59(3)(f), as that information is clearly relevant to a motion court's discretionary determination as to whether to grant or deny a motion to seal (see id. § 160.59[4], [7]; People v Shrayef, 181 AD3d at 936).
Nor do we consider it determinative that CPL 160.59(3)(e) requires a motion court to summarily deny a defendant's motion to seal where the defendant has an undisposed arrest or charge pending. Unlike the term "crime," neither the term "arrest" nor "charge" are defined in Penal Law § 10.00. We need not decide here whether a defendant's undisposed arrest or pending charge under the laws of another state would require summary denial of the defendant's motion to seal under CPL 160.59(3)(e). However, even assuming, without deciding, that the People are correct that a motion court would be required to summarily deny a defendant's motion to seal where the defendant has an undisposed arrest or charge pending under the laws of another state, such a result would not be inconsistent with our holding here. There may be reasons to treat undisposed arrests or pending charges differently from convictions, as the facts and circumstances surrounding the nature of undisposed arrests or pending charges may not yet be fully known or adjudicated (see People v Lamphrey, Sup Ct, Nassau County, Jan. 31, 2019, SCI No. 2138N-2006 [denying the defendant's motion to seal where the records revealed a subsequent arrest in another state with no reported disposition and stating that more information was required]).
We also reject the People's contentions that the legislative history of CPL 160.59, as well as public safety concerns, compel the conclusion that a defendant's subsequent conviction under the laws of another state requires summary denial of the defendant's motion to seal. Initially, as we hold that CPL 160.59(3)(f) is clear and unambiguous, there is no reason to look beyond the text of the statute to discern legislative intent (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 173). Nonetheless, doing so confirms that "any crime" in CPL 160.59(3)(f) does not include crimes under the laws of another state.
The purpose of CPL 160.59 is to "'eliminate unnecessary barriers to opportunity and employment that form[erly] incarcerated individuals face and to improve the fairness and effectiveness of the state's criminal justice system'" (People v Doe, 62 Misc 3d 574, 577 [Zayas, J.], quoting Governor's Press Office, Press Release: Governor Cuomo Announces Raise the Age Law that Seals Non-Violent Criminal Convictions Takes Effect October 7 [Oct. 6, 2017], available at https://www.criminaljustice.ny.gov/pio/press_releases/2017-10-06_pressrelease.html [last accessed Aug. 2, 2022]). We acknowledge that there are indications that the Legislature intended CPL 160.59 to benefit "individuals who have remained crime-free" and who "have turned their lives around" (Governor's Press Office, Press Release: Governor Cuomo Announces Raise the Age Law that Seals Non-Violent Criminal Convictions Takes Effect October 7 [Oct. 6, 2017], available at [*6]https://www.criminaljustice.ny.gov/pio/press_releases/2017-10-06_pressrelease.html [last accessed Aug. 2, 2022]; see Senate Sponsor's Mem in Support of 2016 NY Senate Bill S8113), which could suggest an intent to exclude individuals who have subsequent convictions under the laws of other states. Nevertheless,"CPL 160.59 is a remedial statute, and remedial statutes should be interpreted broadly to accomplish their goals" (People v Bugge, 197 AD3d at 656; see People v Brown, 25 NY3d 247, 251; People v Parker, 160 AD3d 767, 768; see also McKinney's Cons Laws of NY, Book 1, Statutes § 321).
Moreover, although we hold that CPL 160.59(3)(f) does not require a motion court to summarily deny a defendant's motion to seal where the defendant has a subsequent conviction under the laws of another state and otherwise meets the requirements of CPL 160.59, the motion court nevertheless has discretion as to whether to seal an eligible offense (see id. § 160.59[4], [7]; People v Shrayef, 181 AD3d at 936). By, among other things, requiring the motion court to obtain and review the defendant's criminal history report, including information from other jurisdictions (see CPL 160.59[2][d]), CPL 160.59 clearly contemplates that a motion court can—and should—consider a defendant's subsequent convictions under the laws of another state as part of the nonexhaustive relevant factors identified in CPL 160.59(7) to make the discretionary determination as to whether to grant or deny a defendant's motion. Further, a defendant's subsequent conviction under the laws of another state may be relevant to the examination of the defendant's character under CPL 160.59(7)(d).
Contrary to the People's fears that defendants with numerous convictions and/or convictions of heinous crimes under the laws of other states would have their New York eligible offense or offenses sealed, we trust that motion courts will exercise their discretion to consider the nature and circumstances of those convictions under the laws of other states, as well as the number of such convictions, and deny defendants' motions to seal "eligible offenses" (see CPL 160.59[1][a]) when appropriate [FN2]. Providing motion courts with discretion also has the advantage of allowing them to consider whether the conduct underlying a defendant's conviction under the laws of another state would have been a crime under New York law, or, importantly, whether criminalizing such conduct would be contrary to New York public policy.
Finally, we emphasize that our holding is limited to the construction of "any crime" in CPL 160.59(3)(f). Although the People raise concerns about the implications of our construction on other statutes containing the phrase "any crime," we do not decide the construction of the phrase "any crime" as presented in other statutes. We further note that some other statutes containing the [*7]phrase "any crime" do not specifically reference the definitions in Penal Law § 10.00, and, under such circumstances, it may be appropriate to give the phrase a different construction. Even provisions of the Penal Law and other provisions of the Criminal Procedure Law, which contain the phrase "any crime" or partially rely upon the definitions of "offense" or "crime" in Penal Law § 10.00, contain that phrase or those terms as part of different statutory language, different statutory contexts and structures, and different statutory purposes. Our decision here is limited to holding that CPL 160.59(3)(f) does not authorize motion courts to summarily deny a defendant's motion to seal where the defendant has subsequent convictions under the laws of other states.
Accordingly, the Supreme Court properly determined that the defendant's 2018 Virginia misdemeanor conviction did not require it to summarily deny the defendant's motion pursuant to CPL 160.59(3)(f).
IV. Hearing Required Under CPL 160.59(6) Where The People Oppose The Application
However, as the People correctly contend, the Supreme Court should not have granted the defendant's motion to seal without first conducting a hearing. Where, as here, the defendant's motion was not subject to mandatory denial under CPL 160.59(3), and the district attorney opposed the motion, the motion court "shall conduct a hearing on the application in order to consider any evidence offered by either party that would aid the sentencing judge in his or her decision whether to seal the records of the defendant's convictions" (id. § 160.59[6] [emphasis added]; see People v Miranda, 205 AD3d at 736). "By using the word 'shall,' the Legislature clearly and unambiguously provided that when the motion is not subject to mandatory denial under CPL 160.59(3) and the district attorney opposes the motion, the motion court does not have the discretion to dispense with the hearing requirement" (People v Bugge, 197 AD3d at 655-656).
Indeed, a hearing is particularly appropriate in this case. Although the defendant's 2018 Virginia misdemeanor conviction was not a ground to summarily deny the defendant's motion to seal, at the hearing, the parties may provide additional evidence related to that conviction, as well as any other evidence relevant to the determination of the defendant's motion. Further, assuming that the defendant was in fact convicted of a misdemeanor in Virginia, the Supreme Court should consider that conviction and the nature and circumstances of the underlying conduct in making its discretionary determination as to whether to grant the defendant's motion to seal. The court should also consider how the conviction reflects upon the defendant's character under CPL 160.59(7)(d). In particular, we note that the defendant's affidavit failed to disclose the existence of the 2018 Virginia misdemeanor conviction or explain the circumstances surrounding the conviction. Further, the affirmation of the defendant's attorney affirmatively stated that the defendant had no contact with the criminal justice system since his 1990 New York conviction, which does not appear to be accurate. Upon remittal, the court should consider all of these circumstances, as well as the nonexhaustive list of factors in CPL 160.59(7), in its new determination of the defendant's motion to seal.
V. Conclusion
Although the Supreme Court properly determined that it was not required to summarily deny the defendant's motion to seal his 1990 conviction for attempted grand larceny in the third degree pursuant to CPL 160.59(3)(f), as the People opposed the defendant's motion to seal, the court was required to hold a hearing pursuant to CPL 160.59(6). Accordingly, we reverse the order and remit the matter to the Supreme Court, Nassau County, for a hearing in accordance with CPL 160.59(6), and a new determination of the defendant's motion thereafter (see People v Bugge, 197 AD3d at 656; see generally People v Decker, 190 AD3d 1132; People v Parker, 160 AD3d at 771).
CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination of the defendant's motion thereafter.
ENTER:
Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1: "Conduct" is not defined in Penal Law § 10.00. Although Penal Law § 15.00(4), which defines terms related to culpability, defines conduct as "an act or omission and its accompanying mental state," CPL 1.20 specifically provides that definitions in Penal Law § 10.00 apply to the Criminal Procedure Law and does not refer to definitions in other sections of the Penal Law, including Penal Law § 15.00(4).

Footnote 2: We also emphasize the limited nature of the relief under CPL 160.59. As described above, CPL 160.59(1)(a) defines "eligible offense" as "any crime defined in the laws of this state," and excludes a number of categories of offenses, including "an offense for which registration as a sex offender is required pursuant to article six-C of the correction law," and "a felony offense defined in article one hundred twenty-five of the penal law," which are homicide and related offenses (see Penal Law article 125; People v Miranda, 205 AD3d at 736; People v Esposito, 188 AD3d at 1092). Thus, where a defendant's New York conviction falls within a category of excluded offenses, it is ineligible for sealing (see People v Esposito, 188 AD3d at 1092), regardless of whether the defendant has subsequent convictions under the laws of other states. In addition, under CPL 160.59(2)(a) a defendant may apply to have up to two eligible offenses (but not more than one felony offense) sealed (see People v Shrayef, 181 AD3d at 935). Under the express limitation of CPL 160.59(1)(a), CPL 160.59 does not provide a mechanism for motion courts to seal a defendant's convictions for crimes defined under the laws of other states. As a result, if a motion court were to determine that a defendant's motion to seal a conviction for an "eligible offense" should be granted, even though the defendant has subsequent convictions under the laws of other states, the effect of that decision would be limited to sealing a maximum of two offenses under the laws of the State of New York, which offenses must be included in the definition of "eligible offense" (id. § 160.59[1][a]). We also note that under CPL 160.59(9), records sealed pursuant to CPL 160.59 would still be made available to specified agencies and entities, and a conviction that is sealed pursuant CPL 160.59 "is included within the definition of a conviction for the purposes of any criminal proceeding in which the fact of a prior conviction would enhance a penalty or is an element of the offense charged" (id. § 160.59[10]).