People v Santiago (2024 NY Slip Op 01939)

People v Santiago

2024 NY Slip Op 01939

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2019-06274

[*1]The People of the State of New York, respondent,
v
Ramon Santiago, appellant. (S.C.I. No. 8887/89)

Patricia Pazner, New York, NY (Lisa Napoli of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from so much of an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated April 23, 2019, as denied, without a hearing, that branch of his motion which was, in effect, pursuant to CPL 160.59 to seal his conviction of attempted criminal possession of a weapon in the third degree.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance with CPL 160.59 and a new determination thereafter of that branch of the defendant's motion which was, in effect, pursuant to CPL 160.59 to seal his conviction of attempted criminal possession of a weapon in the third degree.
In 1989, when the defendant was 20 years old, he pleaded guilty to attempted criminal possession of a weapon in the third degree and was sentenced to a five-year period of probation. It is undisputed that this is the defendant's only criminal conviction. Thirty years later, in 2019, the defendant moved, inter alia, in effect, pursuant to CPL 160.59 to seal the conviction. In support of his motion, the defendant submitted, among other things, an affidavit in support and the certificate of disposition which certified that his conviction was pursuant to Penal Law §§ 110.00 and 265.02(1). In opposition to the defendant's motion, the assistant district attorney, inter alia, affirmed that the defendant had pleaded guilty to attempted criminal possession of a weapon in the third degree under Penal Law §§ 110.00 and 265.02(1). The Supreme Court, among other things, denied the subject branch of the defendant's motion without a hearing. The defendant appeals.
Pursuant to CPL 160.59(2)(a), a defendant who has been convicted of up to two "eligible offenses," but not more than one felony offense may apply to the court to have such conviction or convictions sealed. The statute, inter alia, defines an "eligible offense" as any crime except for, as relevant to this appeal, "a violent felony offense defined in section 70.02 of the penal law" (id. § 160.59[1][a]). The statute further provides that when the application is not subject to mandatory denial and the application is opposed by the district attorney, the court "shall conduct a hearing on the application" (id. § 160.59[6]).
Contrary to the People's contention, the defendant established that his conviction of [*2]attempted criminal possession of a weapon in the third degree constituted an "eligible offense" under CPL 160.59. The certificate of disposition established that the defendant pleaded guilty to attempted criminal possession of a weapon in the third degree under Penal Law §§ 110.00 and 265.02(1), which is not a violent felony offense (see Penal Law § 70.02[1][c], [d]). A certificate of disposition is "presumptive evidence of the facts stated in such certificate" (CPL 60.60[1]). Furthermore, in opposition to the motion, the assistant district attorney affirmed that the defendant pleaded guilty to the offense under those statutory provisions.
Contrary to the determination of the Supreme Court, the defendant's affidavit was sufficient to constitute the requisite sworn statement of the reasons why the court should grant the relief requested (see CPL 160.59[3][g]).
As the defendant's motion was not subject to mandatory denial and the district attorney opposed the motion, the Supreme Court was required to conduct a hearing on the defendant's motion (see id. § 160.59[6]; People v Miranda, 205 AD3d 734, 736; People v Bugge, 197 AD3d 653, 655-656). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing in accordance with CPL 160.59 and a new determination thereafter of that branch of the defendant's motion which was, in effect, pursuant to CPL 160.59.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court