People v Kumar (2024 NY Slip Op 04979)

People v Kumar

2024 NY Slip Op 04979

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-02231
 (Ind. No. 1737/08)

[*1]The People of the State of New York, respondent,
v
Rakesh Kumar, appellant.

Richard J. Kaufman, P.C., Port Jefferson, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jonathan Estreich of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated January 10, 2023, which, after a hearing, denied his motion pursuant to CPL 160.59 to seal his conviction of trademark counterfeiting in the first degree.
ORDERED that the order is affirmed, without costs or disbursements.
In 2009, the defendant pleaded guilty to trademark counterfeiting in the first degree (Penal Law § 165.73), and was sentenced to a three-year conditional discharge. In 2012, the defendant was granted a permanent certificate of relief from disabilities.
In May 2022, the defendant moved pursuant to CPL 160.59 to seal his conviction. The People acknowledged that the defendant's conviction was eligible for sealing under CPL 160.59 but opposed the motion for that discretionary relief. In an order dated January 10, 2023, the County Court, after a hearing, denied the motion. The defendant appeals.
Under CPL 160.59(2)(a), "[a] defendant who has been convicted of up to two eligible offenses but not more than one felony offense may apply to the court . . . to have such conviction or convictions sealed" after a specified time period (see id. § 160.59[5]). The statute sets forth certain nonexhaustive factors the court is to consider in determining the motion and requires that where, as here, the district attorney opposes the motion, the court hold a hearing to consider any evidence offered by either party as to those or other factors relevant to the determination (see id. § 160.59[6], [7]).
Here, the County Court did not improvidently exercise its discretion in denying the defendant's motion pursuant to CPL 160.59 to seal his conviction (see People v Shrayef, 181 AD3d 935, 936-937). The court held the required hearing and balanced the enumerated factors in reaching its determination (see CPL 160.59[6], [7]). While the amount of time that had elapsed since the defendant's conviction, and the fact that the instant offense was his only conviction, weighed in his favor (see id. § 160.59[7][a], [c]), the other enumerated factors did not. Although the defendant demonstrated professional success, he failed to submit sufficient evidence to aid the court in considering other aspects of his character (see id. § 160.59[7][d]). Moreover, when the defendant [*2]was asked about his offense, he attempted to minimize his conduct rather than taking responsibility for it. The defendant also did not show that sealing his conviction would have a significant impact on his successful and productive reentry and reintegration into society. The defendant's evidence demonstrated that since his conviction, he has established and run several multi-million dollar business ventures, thereby showing that the conviction has not served as a barrier to employment or opportunity or acted as an impediment to the rehabilitative effects of the criminal justice system (see id. § 160.59[7][f]; see generally People v Witherspoon, 211 AD3d 108, 118).
Accordingly, we affirm the order denying the defendant's motion pursuant to CPL 160.59 to seal his conviction.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court